UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                **Hon. Hugh B. Scott**

                **15CR10A**

v.

                **Report
&
Recommendation**

CHARLES WEBER,

      Defendant.

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Text Order dated Jan. 15, 2015).  The instant matter before the Court is a series of motions by defendant proceeding pro se (Docket Nos. 19, 22) seeking to dismiss the Indictment.  The earlier motion (Docket No. 19) was not signed, see W.D.N.Y. Loc. Crim. R. 49(a) (papers are to be filed pursuant to this Court's electronic case filing regulations), (e)(6) (paper filed documents to contain original signature); cf. Fed. R. Crim. P. 57(b) (local rules of District govern in absence of Federal Rule of Criminal Procedure), 49(d) (filing of criminal motion in manner provided for civil action), and thus should be **terminated**.  Defendant's new moving papers (Docket No. 22) appear identical save the signature omissions.  This Court shall focus on defendant's latter motion (Docket No. 22).

  Related to these motions is an earlier motion for discovery (Docket No. 18), seeking (among other discovery sought) documents "where Congress has legislatively mentions 'The

People' in its statutory construction and any and all documents where the Internal Revenue Service ("IRS") "has acted in accordance with the Fair Debt Collections Act [sic][1]. Pub. L. 95-109; 91 Stat. 874" (id. ¶¶ 5, 7). So much of this discovery motion that is implicated by his motion to dismiss will be considered in this Report; the discovery aspects will be treated in a separate Order.

Pursuant to the scheduling Order for this case (Docket No. 13), defense motions were due by May 15, 2015, the Government's response by June 1, 2015, with argument scheduled for June 17, 2015. During a conference on May 29, 2015, the Government sought, and was given, a two-week extension to respond (Docket No. 24). The Government then filed its response (Docket No. 26) and the motions were argued on July 15, 2015 (Docket No. 36, minute entry; see Docket Nos. 28, 30, 32, 33[2]).

## BACKGROUND

Defendant is charged in a two-count Indictment (Docket No. 1) for making and subscribing to false returns, in violation of I.R.C. § 7206. Count 1 alleges that defendant, a resident of Snyder, New York, made and subscribed a U.S. Nonresident Alien Income Tax Return (Form 1040NR) for calendar year 2006, which was verified by a declaration. There, defendant allegedly claimed his taxable income for 2006 was only $745.33 in dividends, but failed to disclose that he was operating a dental practice during that year from which he derived

---

[1] The actual name of the statute defendant may be trying to cite is the Fair Debt Collection Practices Act, codified at 15 U.S.C. §§ 1692, et seq. ("FDCPA").

[2] Defendant did submit medical proof for his July 1, 2015, appointment (Docket No. 37, filed under seal) that cause the adjournment of argument of his motion to July 15, 2015, see Docket Nos. 32, 34.

gross receipts and sales and received income.  The Indictment charges that "the defendant then and there well knew, the defendant was a citizen of the United States; the defendant had received taxable income in addition to dividends; the defendant had been present in the United States during calendar year 2006; and the defendant was required by law and regulation to disclose the operation of the business activity, the gross receipts and sales he derived therefrom, and the income from business activity."  (Id.)  Count 2 alleges similar activity for calendar year 2007, for which defendant reported only dividends of $812 (id.).

*Defendant's Motion to Dismiss*

Defendant challenges facially (almost line-by-line) and constitutionally this Indictment (see generally Docket No. 22).  In his separate memorandum of law (as opposed to the memorandum incorporated in his motion to dismiss document), defendant describes in exhaustive detail the structure of federal income tax laws and his understanding of their constitutional foundations (Docket No. 22, Def. Memo.).

His motion argues several grounds for dismissal of this Indictment (id., Def. Motion to Dismiss).  First, he argues that the "UNITED STATES OF AMERICA" is not listed as the "plaintiff" in the Indictment (despite the fact that it is captioned "United States of America v. Charles Weber") and disputes whether any allegation was made in any document that he was a citizen of the United States (id. ¶¶ 11-12, 6).  According to defendant, the Internal Revenue Service is a "foreign entity not found in the Statutes at Large as created by an Act of Congress" (id. ¶ 15a, citing Chrysler Corp. v. Brown, 441 U.S. 281, 297 n. 24 (1979)[3]).  Among the

---

[3]This, among the other citations by plaintiff, takes cases out of context.  This Court believes this is the case defendant is referring to, since his citation is only to the footnote, Docket No. 22, ¶ 15a.  Rather than provide a point-by-point refutation of the erroneous citations, this

objections to the Indictment, defendant argues that there was no record of the Grand Jury presentment; lack of jurisdiction for this Court and against defendant; due process violations; facial defects in counts of the Indictment. He charges that there is no evidence of defendant being (or not being) a "United States" citizen, with defendant citizenship distinct from his declared status as a "New Yorker". Defendant denies the applicability of the Fourteenth and Sixteenth Amendments (Docket No. 22, Def. Motion ¶¶ 67, 71-72, 91) to justify imposition of federal income taxation upon him. He argues facts are not in evidence as alleged in the Indictment.

Defendant also submitted a declaration from Joan Mulligan Weber, his wife, regarding defendant's ancestry and descendants (id., Joan Weber Decl.; see id., Def. Motion 20) apparently to confirm his birth in New York for his status as a "New Yorker". Within his Motion, defendant also submits his "Declaration of Political Status and Allegiance" wherein he declares that his was born "on the land of Queens, 'New York' ", one of the States of the American Union, and not this STATE OF NEW YORK, a Federally legislated state, described in Title 28 United States Code Section 112[4], and commonly known as 'NY.'" (Docket No. 22, Def. Motion Memo. at 4). Defendant then declares that "I only recognize the jurisdiction of New York and any of the States of the American Union, whose land I happen to be living upon or sojourning through," but denying that he is "now a United States of America Citizen and have never been a United States of America Citizen," and thus is not subject to the jurisdiction of the

---

Court notes that (while pro se) defendant has a gross misapprehension of the law.

[4]This section of the Judiciary Code defines the federal judicial districts created in the State of New York, 28 U.S.C. § 112; see generally 28 U.S.C. §§ 81-131, including the Western District of New York, § 112(d).

United States of America (id. at pages 4-5). Defendant, however, claims that he is a beneficiary of the 1789 United States Constitution, with its Preamble, but not its Amendments (id. at page 5), presumably excluding (for example) rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, despite later arguing that the Government violated his Fourth, Fifth, and Sixth Amendment rights (id. ¶ 85). He signed this declaration as a "New Yorker, Beneficiary" (id. Motion at page 5). Defendant also challenges the identity used by the Government in this case (id. Motion ¶ 5 (defendant "does not consent to any attempt to create a colorable persona under colorable law by the name of capitalized term CHARLES WEBER," from the caption for this action)). He also challenges the legal existence of the "UNITED STATES OF AMERICA" (id., Def. Motion ¶¶ 8-12). This citation led to a detention issue whether defendant in fact identified himself for purpose of pretrial release (Docket No. 24).

Defendant next argues that this Court lacks jurisdiction to hear this case because the enabling statute, 18 U.S.C. § 3231, is based upon a repealed statute that was not enacted (Docket No. 22, Def. Motion at pages 46-47) and cannot lawfully conduct a hearing absent a lawful enactment of Congress (id. at 47).

The Government argues that defendant sets forth only frivolous arguments for dismissal of the Indictment (Docket No. 26, Gov't Response at 2-3). First, defendant is a citizen of the United States, despite his contrary protests, because (as defendant admits) he was born in New York (id. at 3-5). The United States has standing to bring this criminal case (id. at 5-6). The Government next contends that this Court has jurisdiction over the prosecution under the tax laws enacted pursuant to United States Constitution, Article I, Section 8, clause 1, as an offense against the laws of the United States, 18 U.S.C. § 3231 (id. at 6). Next, the Government defends

this Indictment as being constitutionally sufficient (id. at 7). This Indictment meets the two requirements for sufficiency, that it contains the elements of the offense charged and fairly informed defendant of the charges against him and that the pleading enabled him either "to plead an acquittal or conviction in bar of future prosecutions for the same offense," United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (id.), to trigger double jeopardy. The Government contends that the Internal Revenue Service is an agency of the United States and not a "foreign entity" as claimed by defendant (id. at 7-8). Defendant is identified in the Indictment, either in all capital letters or in initial capital letters, thus properly named despite defendant's contrary argument (id. at 8-9). The Government contends that defendant's argument of judicial misconduct and receipt of "undisclosed cash awards" are spurious (id. at 9).

During oral argument, defendant asserts that he is not a United States citizen because his birth certificate contained his mother's maiden name and there was no affidavit from her confirming his birth in this country, hence rendering him an alien and thus not required to pay income taxes to the United States. The Government countered that any person in this country, citizen or alien, is required to pay income taxes, see United States v. Drachenberg, 623 F.3d 122, 125 (2d Cir. 2010) (per curiam) (filing requirement applies to individuals regardless of their citizenship).

**DISCUSSION**

I.   Timeliness of Defense Motion to Dismiss

Defendant, proceeding pro se, filed his motion to dismiss ten days late (compare Docket No. 13, minute entry setting motion deadline of May 15, 2015, with Docket No. 22, defense motion filed May 25, 2015). The Government objects to consideration of this untimely motion

(Docket No. 26, Gov't Response at 2). Even though defendant is representing himself, the ten-day delay in moving to dismiss prejudices the Government and is unexplained. The motion should be **denied** on this ground alone. But for a complete record (and the fact that defendant's otherwise timely discovery motion (Docket No. 18) asserts the same theories as advanced in the untimely motion to dismiss), this Court next considers the merits of the motion.

II.     Sufficiency of the Indictment

This Court has considered all of defendant's arguments and finds that the Indictment here sufficiently informs defendant of the charges alleged and establishes the predicate information for double jeopardy if he were charged with these offenses later in a separate case. His contentions to the contrary are specious. His motion to dismiss should be **denied**.

III.    Tax Protestor Arguments

It is tempting to meet each defendant's arguments in turn. As this Court read his 62-page motion and 28-page memorandum, erroneous contentions leap from the pages, begging to be refuted[5]. The Government's response (Docket No. 26) attempts to refute them. But defendant's contentions are numerous and clearly without merit that such detailed consideration is not required.

First, as to the format of defendant's papers, he presents his arguments in varying fonts as if cut and paste from various sources and appearing to be arguments repeated by other tax protester defendants. Defendant was unable to cite an instance where these arguments prevailed. He cites cases superseded by constitutional amendments (e.g., Dred Scott v. Sandford, 60 U.S.

---

[5]Such as defendant's "motion for equitable relief" in this criminal case, seeking damages for each day of the Government's alleged wrongdoing in collecting taxes from him, Docket No. 22, Def. Motion ¶ 89.

(19 How.) 393 (1857), Docket No. 22, Def. Motion ¶ 131) that he conveniently deems not to be binding.  Defendant focuses on the 1783 Treaty of Paris that ended the American Revolution and confirmed American independence (e.g., id. ¶ 125), but that treaty (as he asserts in his papers (Docket No. 22, Def. Motion at page 49)) was made by the United States and not the thirteen states collectively, see U.S. Art. of Confederation art. IX (exclusive power of "United States in Congress assembled" to make treaties).

Defendant is a citizen of the United States, U.S. Const. Amend. XIV, § 1, cl. 1 ("all persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."); 8 U.S.C. § 1401(a) (national and citizen of United States at birth of a person born in the United States).  This is not a mere naturalization provision and defendant cannot opt out (cf. Docket No. 22, Def. Motion at page 19) when it is convenient for him to avoid the obligations of citizenship.  Defendant admits in his papers that he was born in New York (see id., Def. Aff. at page 4; Decl. of Joan Mulligan Weber), hence also making him a citizen of the United States.

In summary, defendant's arguments are well-worn arguments made unsuccessfully by tax protestors challenging the fundamental premises of federal income taxation as applied to them.  This Court has jurisdiction to hear this action, United States v. Cote, No. 3:12CR264, 2013 U.S. Dist. LEXIS 54137, at *4-5 (D. Conn. Apr. 16, 2013).  There, the court held that

> The district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  The United States Constitution gives Congress "the power to lay and collect taxes, duties, imposts and excises," U.S. Const. art. I, § 8, cl. 1, including "taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration," U.S. Const. amend. XVI.  The Constitution further gives Congress the power "to make all laws which shall be necessary and proper for carrying into

8

> execution" its powers, U.S. Const. art. I, § 8, cl. 18, including the power to criminalize tax evasion and obstruction of the Government's efforts to recover erroneously-issued tax refunds. In this case, the Government alleges in the Indictment that the object of the defendant's actions was to evade or defeat federal taxes, in violation of 18 U.S.C. §287 and 26 U.S.C. §7212(a). Congress has authority to enact the statute relevant to this case. Thus, this Court has jurisdiction over this criminal case.

Id. This court then cited numerous cases in which the filing requirement for income taxes were upheld despite defendants' arguments that federal income taxation somehow did not apply to them, id. at *5-7 (citing e.g., Drachenberg, supra, 623 F.3d at 125 (filing requirement applies regardless of purported citizenship status); United States v. Plemons, 956 F.2d 273 (7th Cir. 1992) (summary affirmance, rejecting argument defendant was not a citizen of the United States or of Indiana for tax purposes); United States v. Sloan, 939 F.2d 499, 499-501 (7th Cir. 1991); Bey v. IRS, No. 1:CV:02-1413, 2003 U.S. Dist. LEXIS 4760, at *3-6 (M.D. Pa. Feb. 25, 2003) (tax protester claims have been squarely rejected by many courts). Defendant here is like the defendant in Sloan and similar tax protestors, which the Sloan court characterized as "like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And like the moths, these people sometimes get burned." Sloan, supra, 939 F.2d at 499-500.

Finally, as found by Judge Richard Posner in trying United States v. Hakeem El Bey, No. 14CR447, Docket No. 46, Order of Feb. 20, 2015, at 3, involving another tax protester proceeding pro se, "A defendant who has the cognitive ability to represent himself in a legal proceeding but refuses to confine his defense to testimony and other evidence, and to argument, that are permissible in a legal proceeding—refuses in effect to cooperate with the court and obey the law governing the proceeding—forfeits his right to defend himself."

9

This Court is not recommending forfeiting this defendant's right to self-representation at this time. But defendant's present motion to dismiss this Indictment (Docket No. 22) should be **denied**, either on timeliness grounds or on its lack of merit on its substance.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss the Indictment (Docket No. 22) be **denied**; his earlier motion (Docket No. 19) for similar relief should be **denied** because the motion was unsigned and replaced by the latter motion.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       July 20, 2015