IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 15-CR-0010A(HBS)

CHARLES WEBER,

        Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF MOTION TO DISMISS INDICTMENT

The United States of America, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and MaryEllen Kresse, Assistant United States Attorney, of counsel, hereby submits its Response to Defendant's Objections to Magistrate Judge Hugh B. Scott's July 20, 2015 Report and Recommendation recommending denial of defendant's motion dismiss the Indictment.

## PROCEDURAL HISTORY

The defendant is charged by Indictment with two counts of Making and Subscribing a False Return in violation of Title 26, United States Code, Section 7206(1). He has elected to represent himself. On May 26, 2015, the defendant filed a Motion to Dismiss the Indictment. (Docket No. 22).[1] The government response to defendant's motion was filed on June 12, 2015. (Docket No. 26). Following oral argument on July 15, 2015, Magistrate

---

[1] The defendant originally filed his motion to dismiss on May 25, 2015, Docket No. 19, but that motion was not signed.

Judge Scott issued a Report and Recommendation in which he recommended that defendant's motion to dismiss be denied. (Docket No. 38). The defendant filed Objections to the Report and Recommendation on August 4, 2015. (Docket No. 40). Because the defendant has set forth no valid argument that the Magistrate Judge erred in recommending denial of his motion to dismiss, his objections should be denied and the Report and Recommendation adopted by this Court.

## DISCUSSION

### I. Standard of Review

Pursuant to Section 636(b)(1)(B) of Title 28 of the United States Code, this Court must make a de novo determination of those portions of the Report and Recommendation to which objection is made. As set forth in Magistrate Judge Scott's Report and Recommendation, "the District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance." Docket No. 38, at 11 (citing Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988)). Magistrate Judge Scott's Report and Recommendation also advised the objecting party that "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Id. (citing W.D.N.Y Local Civil Rule 72.3(a)(3)).

    **II.**    <u>**The Defendant's Objections**</u>

A review of defendant's "Objections" reveals that the majority of his 19-page submission addresses rulemaking under the Administrative Procedures Act ("APA"), and whether the Internal Revenue Service complied with the APA in promulgating the statutory and regulatory provisions of Title 26 of the United States Code. <u>See</u> Defendant's Objections, Docket No. 40, at 1-12; 19. This argument was not raised before Magistrate Judge Scott. As such, it should not be considered by this Court.

Even if the Court considers this argument, defendant's blind recitation of various principals of administrative law is not relevant and does not establish that the False Return charges of the Indictment should be dismissed. As Magistrate Judge Scott found: "defendant's arguments are well-worn arguments made unsuccessfully by tax protestors challenging the fundamental premises of federal income taxation as applied to them." Report and Recommendation, Docket No. 38, at 8.

Besides the APA argument, the defendant, in his "Objections", continues to assert that the case against him must be dismissed because he "does not consent to a non Article III administrative tribunal." Defendant's Objections, Docket No. 40, at 13. The defendant claims that as "a direct descendant of one of the People as their Posterity" he is not a citizen of the United States for purposes of the Fourteenth Amendment, and that Magistrate Judge Scott erred when he found otherwise. <u>Id</u>. at 13-14. The defendant's arguments on this issue continue to be without merit. As Magistrate Judge Scott properly found, the defendant is a

citizen of the United States and subject to the jurisdiction of the United States. Report and Recommendation, Docket No. 38, at 8. The right of the United States to require citizens (and non-citizens) to pay income taxes, and its authority to enforce the tax laws, including to criminally prosecute those who fail to comply with such laws, is well-established and judicially recognized.

To the extent the defendant takes issue with the length of the oral argument before Magistrate Judge Scott, Docket No. 40, at 15, the government notes that oral argument is not a right; defendant's due process rights are not implicated by a Court's exercise of its discretion to circumscribe the length, scope or nature of any oral argument it chooses to allow.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court adopt Magistrate Judge Scott's Report and Recommendation and deny defendant's motion to dismiss the Indictment in all respects.

**DATED**:   Buffalo, New York, August 24, 2015.

BY:   /s/   MARYELLEN KRESSE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5888
MaryEllen.Kresse@usdoj.gov

TO:   Charles Weber

4