IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

              v.                                15-CR-10-A

CHARLES WEBER,

              Defendants.
_____

## GOVERNMENT'S TRIAL MEMORANDUM

                               WILLIAM J. HOCHUL, JR.
                               United States Attorney

BY:   MARYELLEN KRESSE
       RUSSELL T. IPPOLITO, JR.
       Assistant U.S. Attorneys Of Counsel
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                v.                              15-CR-10-A

CHARLES WEBER,

                Defendants.
_____

### GOVERNMENT'S TRIAL MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Assistant United States Attorneys, MaryEllen Kresse and Russell T. Ippolito, Jr., of counsel, hereby submits the following Trial Memorandum to summarize its theory of the prosecution and to address possible legal and evidentiary issues that may arise during trial.   This Memorandum is not intended to be all inclusive, or to restrict in any way the government's presentation of its case at trial.

### STATEMENT OF THE CASE

The defendant, CHARLES WEBER, was indicted on January 13, 2015, and charged with two counts of Making and Subscribing a False Return in violation of 18 U.S.C. §7206(1).   The defendant was arraigned on the Indictment on January 15, 2015.   At arraignment, the defendant indicated his desire to represent himself, and the Court allowed

him to proceed pro se.   Trial is scheduled to commence on October 28, 2015.   Brian Comerford, AFPD, has been assigned as stand-by counsel for the defendant at trial.


## **THE CHARGES**

The defendant is charged in the Indictment with two counts of violating 26 U.S.C. § 7206(1).


Count 1 of the Indictment charges that on or about April 15, 2009, the defendant made and subscribed a U. S. Nonresident Alien Income Tax Return (Form 1040NR) for the calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury but which falsely stated that the defendant was a nonresident alien; that his only taxable income was from dividends; that he had not been present in the United States during calendar year 2006; and that he had not been engaged in the operation of a dental practice from which he derived gross receipts and sales and received income.   Count 1 alleges that the defendant then and there well knew that he was a citizen of the United States; that he had received taxable income in addition to dividends; that he had been present in the United States during calendar year 2006; and that he was required by law and regulation to disclose the operation of his dental practice, the gross receipts and sales he derived therefrom, and the income from such practice.


Count 2 of the Indictment charges that on or about April 15, 2009, the defendant made and subscribed a U. S. Nonresident Alien Income Tax Return (Form 1040NR) for the calendar year 2007, which was verified by a written declaration that it was made under the

penalties of perjury but which falsely stated that the defendant was a nonresident alien; that his only taxable income was from dividends; that he had not been present in the United States during calendar year 2007; and that he had not been engaged in the operation of a dental practice from which he derived gross receipts and sales and received income.   Count 2 alleges that the defendant then and there well knew that he was a citizen of the United States; that he had received taxable income in addition to dividends; that he had been present in the United States during calendar year 2007; and that he was required by law and regulation to disclose the operation of his dental practice, the gross receipts and sales he derived therefrom, and the income from such practice.

## STATEMENT OF FACTS

In calendar years 2006 and 2007, the defendant was a citizen of the United States who lived in Snyder, New York and worked at his own dental practice in Williamsville, New York.   As a dentist providing dental services to patients, the defendant received payment for services rendered.   Such payments were received by the defendant in the form of cash payments, payment by personal check, and payments from insurance companies.   Payments received by the defendant were deposited into a business banking account he held in the name "Charles J. Weber, DDS" at First Niagara Bank.

Despite the above facts, the defendant filed tax returns for 2006 and 2007 on which he falsely stated that he was a nonresident alien who had not been present in the United States for even a single day in either year, and who had not had any gross receipts, sales or income from any business activity in either year.   This materially false information was submitted to

the Internal Revenue Service ("IRS") in the form of Form 1040NRs for 2006 and 2007, both of which were filed by the defendant in 2009.   The Form 1040NR is entitled "U.S. Nonresident Alien Income Tax Return" and is intended to be used when the filer is a nonresident alien who derived gross receipts and income from a business located in the United States.   The defendant knew that the appropriate tax return for him, a United States citizen, was the Form 1040, and that the operation of a dental practice resulted in gross receipts, sales and income which were required to be included on such tax return and accompanying Schedule C.   Indeed, the defendant had previously filed a regular Form 1040 in which he acknowledged that he was a United States citizen; that he resided in the United States; that he had gross receipts from a dental practice which he operated in the United States; and that such gross receipts were required to be included on a Schedule C for purposes of determining his taxable business income.   This return, filed in 2005 for tax year 2003, was prepared by the defendant's accountant, Mark Aldrich, and was signed by the defendant under penalties of perjury.   As set forth above, the return included a Schedule C which listed the defendant's gross receipts from his dental practice, and the Form 1040 itself listed a dollar amount for business income which represented the difference between gross receipts and allowable business expenses (which were also set forth on the Schedule C).

In April 2007, when the 2006 tax return was due, the defendant requested an extension of time to file.   Along with the request, the defendant sent the IRS a check for $15,000 representing what the defendant believed was the estimated tax payment due and owing the IRS for 2006.   When the defendant ultimately filed the 2006 return in 2009, the

Form 1040NR he signed under penalties of perjury falsely stated that he had, in fact, had no gross receipts, sales or income from his dental practice and that therefore he was entitled a refund of the $15,000 he had paid in estimated taxes.   The 2007 Form 1040NR filed by the defendant similarly stated that he had no gross receipts, sales or income from his dental practice in 2007.   Both returns were signed by the defendant beneath the following statement: "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to best of my knowledge and belief, they are true, correct, and complete."

## **RELEVANT LAW**

**The Statute:**

The Indictment charges the defendant with two counts of Making and Subscribing a False Return in violation of Title 26, United States Code, Section 7206(1).   Section 7206(1) provides in relevant part that:

Any person who –

>   (1)   Declaration under penalties of perjury –
>
>   Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every matter [shall be guilty of an offense against the United States].

**The Elements of the Offenses Charged:**

In order for the jury to find the defendant guilty of these offenses, the government must prove each of the following elements beyond a reasonable doubt:

(1)     that the defendant subscribed and filed a tax return;

(2)     that the return contained a written declaration that it was made under penalty of perjury;

(3)     that the defendant did not believe the return to be true and correct as to every material matter; and

(4)     that the defendant acted willfully.

L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), Para. 59.03, No. 59-20.

First Element:   The Defendant Subscribed and Filed a Tax Return

There is no dispute that the defendant subscribed and filed the 2006 and 2007 Form 1040NRs.   He signed both returns and mailed them to the IRS.   Both returns were delivered to and received by the IRS.   A tax return is subscribed to at the time it is signed.   A tax return is filed at the time it is delivered to the IRS.   See L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), Para. 59.03, No. 59-21.

Regarding the defendant's signature on the returns, there is a statutory presumption that if an individual's name is signed to a return, the document was actually signed by that individual.   See 26 U.S.C. § 6064 ("The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him."); see also United States v. Kim,

884 F.2d 189, 195 (5th Cir. 1989) (noting presumption and rejecting constitutional challenge to Section 6064).   This presumption applies to criminal cases.   <u>United States v. Cashio</u>, 420 F.2d 1132, 1135 (5th Cir. 1969).   Accordingly, it is not necessary for the government to present direct evidence showing that the defendant actually signed the returns; it is sufficient that the defendant's name is on the returns and the returns are true and correct copies of returns on file with the Internal Revenue Service.   <u>United States v. Wilson</u>, 887 F.2d 69, 72 (5th Cir. 1989); <u>United States v. Carrodeguas</u>, 747 F.2d 1390, 1396 (11th Cir. 1984).

<u>Second Element</u>:   <u>The Return Contained a Written Declaration that it was Made Under Penalty of Perjury</u>

There is no dispute that the 2006 and 2007 Form 1040NRs filed by the defendant each contained a statement indicating that the return was made under penalty of perjury. Specifically, each return contained the following statement: "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to best of my knowledge and belief, they are true, correct, and complete."

<u>Third Element</u>:   <u>The Defendant Did Not Believe the Returns to be True and Correct as to Every Material Matter</u>

Section 7206(1) requires that the return in question be "true and correct as to every material matter."   To show that the 2006 and 2007 Form 1040NR returns were not true and correct as to every material matter, the government must prove that the returns were materially false and that the defendant knew that this was so.   The government will prove

that the defendant knew that the 2006 and 2007 Form 1040NRs he filed with the IRS contained materially false statements as to his citizenship, his residence in the United States and his operation of a dental practice in the United States from which he received gross receipts.   Whether the defendant acted knowingly can be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.  L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), Para. 59.03, No. 59-23.

To prove the knowing falsity of defendant's claim that he was not a United States citizen, i.e., that he was an alien, the government will introduce as evidence: (1) the defendant's birth certificate, establishing that he was born in the United States; (2) the defendant's United States passport application, establishing that he acknowledged his United States citizenship when he sought to obtain a U.S. passport; (3) the defendant's Erie County voter records, establishing that he admitted being a United States citizen for purposes of exercising his right to vote; and (4) the defendant's professional registration records, establishing that he admitted being a United States citizen for purposes of practicing as a dentist in New York State.

To prove the knowing falsity of defendant's claim that he was a nonresident, i.e., that he did not live in the United States in 2006 or 2007, the government will present evidence and testimony that: (1) the defendant has resided at 282 Ridgewood Drive, in Snyder, New York,

since at least 2003; and (2) that the defendant has operated a dental practice located at 8433 Main Street, Williamsville, New York, on a daily and weekly basis for the same period of time.

To prove the knowing falsity of defendant's claim that he had no business income or gross receipts from his dental practice in those years, the government will introduce records from defendant's business banking account at First Niagara Bank for the years 2006 and 2007. An analysis of deposits into this account will establish that the defendant derived gross receipts and income from his dental practice. In addition, testimony will be offered from representatives of several dental health insurance carriers who will testify that the defendant received payments from their companies for services he provided to insured patients, as evidenced by checks deposited into the defendant's business bank account, as well as by IRS Form 1099s (Miscellaneous Income) issued to the defendant by such companies.

Materiality

In addition to proving falsity, the government must prove that the matter charged as false is material. A matter is material if it has a natural tendency to influence or impede the Internal Revenue Service in ascertaining the correctness of the tax declared or in verifying or auditing the returns of the taxpayer. See United States v. Greenberg, 735 F.2d 29, 31 (2d Cir. 1984) (holding that Section 7206(1) is intended to prevent misstatements that could hinder the IRS in verifying the accuracy of a return; accordingly, such false statements are material). Under the Sands Jury Instruction for this element of the offense, materiality is an

10

issue to be decided by the jury.   See Government's Proposed Jury Charge.   The government

notes, however, that, in the Second Circuit, materiality is a question for the Court, not the

jury.   In United States v. Klausner, 80 F.3d 55, 60 (2d Cir. 1996), the Second Circuit held

that any failure to report income is material as a matter of law for purposes of Section 7206.

In United States v. Zvi, 168 F.3d 49, 59 (2d Cir. 1999), the Court held that "[t]he better

practice in false tax return cases is for the district court to make a determination of

materiality, and then inform the jury that the alleged misrepresentation, if found, is material

under the statue as a matter of law."   In United States v. Nicolo, 421 Fed. Appx. 57, 67 (2d

Cir. 2011), the Second Circuit noted that Klausner remains good law in the Second Circuit.


At trial, the government will present testimony establishing that false statements

regarding one's citizenship, one's residence in or physical presence in the United States, and

one's involvement in a business activity, are material to the IRS' ability to "ascertain[ ] the

correctness of the tax declared [and] in verifying or auditing the returns of the taxpayer."

Greenberg, 735 F.2d at 31.   In addition, testimony will be offered to establish that the

defendant's failure to include a Schedule C prevented the IRS from comparing gross receipts

to business expenses in order to properly calculate the defendant's taxable business income.


The Second Circuit has held that false statements about income do not have to involve

substantial amounts in order to violate Section 7206(1).   See United States v. Helmsley, 941

F.2d 71, 92 (2d Cir. 1991).   Any false statement relating to gross income, irrespective of the

amount, constitutes a material misstatement in violation of Section 7206(1).   United States

11

v. Hedman, 630 F.2d 1184, 1196 (7th Cir. 1980), cert. denied, 450 U.S. 965 (1981); see also United States v. DeGroote, 122 F.R.D. 131, 142–43 (W.D.N.Y. 1988) (quoting Hedman). Here, an individual who maintained a dental practice during 2006 and 2007 failed to report a single dollar of gross receipts on his Schedule C, and consequently zero dollars in business income.   It can hardly be argued that such failure to report gross receipts, sales and income from business activity is not a material falsehood.   Moreover, in 2005, when the defendant filed his 2003 Form 1040, he reported that his dental practice had brought in $324,904 in gross receipts, and had netted him business income totaling $145,943.   The failure to report gross receipts in 2006 and 2007 resulted in the defendant reporting no business income and the assessment of no taxes due and owing.   Indeed, in 2006, as a result of defendant's materially false statements, he claimed to be entitled to a refund of the $15,000 in estimated taxes he had previously paid to the IRS.

It is important to note that, although materiality is an element of Section 7206(1), a tax deficiency is not.   See, e.g., United States v. Scholl, 166 F.3d 964, 980 (9th Cir. 1999); United States v. Peters, 153 F.3d 445, 461 (7th Cir. 1998); see also United States v. Citron, 783 F.2d 307, 313 (2d Cir. 1986) (rejecting argument that material falsity is one which results in substantial tax due).   Requiring a tax loss to prove a violation of Section 7206(1) would change the nature of the offense: the falsehood itself would no longer define the crime of filing a false return and proof of false returns would constitute proof of evasion.   Clearly, this was not Congress's intent in drafting Section 7206(1), which "charges an offense separate and distinct in itself".   United States v. White, 417 F.2d 89, 93 (2d Cir. 1969).

Fourth Element: The Defendant Acted Willfully

Section 7206(1) is a specific intent crime requiring a showing of willfulness.   The Supreme Court has defined "willfulness" as "'a voluntary, intentional violation of a known legal duty.'"   Cheek v. United States, 498 U.S. 192, 200 (1991) (quoting United States v. Bishop, 412 U.S. 346, 360 (1973)).   In a Section 7206(1) prosecution, the government is not required to show an intent on the defendant's part to evade income taxes.   United States v. Taylor, 574 F.2d 232, 234 (5th Cir. 1978); United States v. Engle, 458 F.2d 1017, 1019-20 (8th Cir. 1972).   Also, there is "no requirement that showing the specific intent for a § 7206(1) violation requires proof of an affirmative act of concealment; it is enough that the government show the defendant was aware that he was causing his taxable income to be under reported."   United States v. Barrilleaux, 746 F.2d 254, 256 (5th Cir. 1984) (per curiam).   Moreover, willfulness "can be inferred from '... any conduct, the likely effect of which would be to mislead or to conceal.'"   United States v. Guidry, 199 F.3d 1150, 1157 (10th Cir. 1999) (quoting United States v. Spies, 317 U.S. 492, 499 (1943)).   The government may rely solely on circumstantial evidence to prove willfulness.   See, e.g., United States v. Tucker, 133 F.3d 1208, 1218-19 (9th Cir. 1998) (false returns).   Here, defendant's willfulness will be established in part by comparing what he claimed in his 2006 and 2007 Form 1040NRs to what he claimed in his 2003 Form 1040; by demonstrating that he knew his dental practice generated gross receipts in 2006 and 2007 which were required to be reported; and by demonstrating his highly selective use of his non-citizenship claim.

## EVIDENTIARY ISSUES

The government anticipates that several evidentiary issues may arise at trial:

**A.    Statements of the Defendant are Admissible Evidence**

Rule 801(d)(2)(A) provides that a statement by a party opponent is not hearsay if the statement is offered against him and is his statement.

Rule 801(d)(2)(A) provides, in pertinent part, as follows:

(d)   **Statements That Are Not Hearsay.**    A statement that meets the following conditions is not hearsay:

>    (2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:

>       (A) was made by the party in an individual … capacity.

The defendant was interviewed by law enforcement on February 3, 2010.   During the interview, the defendant made numerous statements to law enforcement.   Because these statements were made by the defendant, they are not hearsay, and are therefore admissible.

**B.    Self-Authenticating Documents**

At trial, the government will offer into evidence documents and records that are self-authenticating under Fed. R. Evid. 902.   Such documents and records will include public records from Erie County, New York State, the United States Department of State, U.S. Homeland Security, and the IRS.   Under Fed. R. Evid. 902(1) and (2), domestic public

documents that are sealed and signed, or signed and certified are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted.

Under Fed. R. Evid. 803, such documents and records are admissible into evidence as exceptions to the hearsay rule, and specifically as Public Records under Rule 803(8); Public Records of Vital Statistics under Rule 803(9); and/or the Absence of a Public Record under Rule 803(10).   To the extent such documents and records are not admissible under the aforementioned provisions, they are admissible as records of a regularly conducted activity, as set forth below.

**C.**    **Business Records are Admissible**

The government intends to offer as evidence documents that qualify as business records under the Federal Rules of Evidence.   These include records created, kept and maintained in the ordinary course of business by First Niagara Bank and by various dental insurance companies.   Such documents are admissible as records of regularly conducted activity pursuant to Rules 803(6) and (7) of the Federal Rules of Evidence.

It is well settled that Rule 803(6) "favor[s] the admission of evidence rather than its exclusion if it has any probative value at all."   In re Ollag Constr. Equip. Corp., 665 F.2d 43, 46 (2d Cir. 1981).   A prerequisite to admissibility is "that the record have 'sufficient indicia of trustworthiness to be considered reliable.'" United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000) (quoting Saks Int'l v. M/V "EXPORT CHAMPION", 817 F.2d 1011, 1013 (2d Cir.

1987)).   "To lay a proper foundation for such a record, a 'custodian or other qualified witness' must testify that the document was 'kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record].'" Williams, 205 F.3d at 34 (quoting United States v. Freidin, 849 F.2d 716, 719 (2d Cir. 1988)).   The custodian does not have to have personal knowledge of the actual creation of the record.   Phoenix Assocs. III v. Stone, 60 F.3d 95, 101 (2d Cir. 1995).

**D.   Charts and Summaries**

The government intends to use charts and summary evidence during the trial in this case.   Summary charts are admissible under Fed. R. Evid. 1006.   Rule 1006 provides that:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.   The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.   The court may order that they be produced in court.

Courts have found the admittance of summary evidence is necessary because it would not be reasonable to expect an average jury to compile summaries and re-create sophisticated flow charts of the voluminous evidence that underlies some cases.   United States v. Duncan, 919 F.2d 981, 988 (5th Cir. 1990), cert. denied, 500 U.S. 926 (1991).

A proper foundation must be established "connecting the numbers on the chart with the underlying evidence." United States v. Citron, 783 F.2d 307, 316 (2d Cir. 1986).   Prior to use at trial, the Court will need to ascertain that any summary charts "fairly represent and

16

summarize the evidence upon which they are based." United States v. O'Connor, 237 F.2d 466, 475 (2d Cir.1956).   If the summary charts fairly represent the evidence, they may be admitted with a limiting instruction.   Id.   Once admitted, summary evidence, like other evidence, may be taken by the jury to the jury room for examination during deliberations. United States v. Pinto, 850 F.2d 927, 935 (2d Cir. 1988).

### E.   Use of a Summary Witness

To assist the jury in understanding the voluminous bank and tax records that will be offered into evidence during the trial, the government intends to use an IRS Revenue Agent as a summary witness to testify regarding various charts and summaries he created from the government's evidence.   The use of such witnesses under these circumstances has been consistently approved by the courts.   United States v. Johnson, 319 U.S. 503, 519 (1943); United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir. 1989); United States v. Behrens, 689 F.2d 154, 161 (10th Cir. 1982); United States v. Scales, 594 F.2d 558, 563 (6th Cir. 1979).

### F.   Witness Sequestration; Case Agent Exemption

The government requests, pursuant to Rule 615 of the Federal Rules of Evidence, that the Court order that witnesses be excluded from the courtroom so that they will not hear the testimony of other witnesses.   Sequestration of witnesses is virtually automatic except for witnesses that fall within one of the exemptions in Rule 615.   United States v. Jackson, 60

F.3d 128, 135 (2d Cir. 1995).   If there is opposition to the order to exclude a witness from the courtroom, the party opposing it bears the burden to demonstrate why an exemption to exclusion applies, and the party seeking exclusion is to be given an opportunity to demonstrate that it is appropriate.   Id. at 135-37.   The government does not expect the defendant will oppose a sequestration order.

The government also requests, pursuant to Rule 615(c), that IRS-CI Special Agent Maxine Menshon and Revenue Agent David Krzytof be designated as case agents and be exempt from the exclusion order.   See United States v. Perry, 643 F.2d 38 (2d Cir. 1981). The government contends that Special Agent Menshon and Revenue Agent Krzytof should be excepted from any sequestration order because their knowledge qualifies them as essential to counsel for the United States in understanding the case.   See, e.g., United States v. Pellegrino, 470 F.2d 1205 (2d Cir. 1972).

## G.   Preliminary Instruction to the Jury Regarding Defendant's Self-Representation

The defendant has decided to represent himself at trial.   Brian Comerford has been designated at standby counsel.   The government requests that the Court, during its preliminary instructions to the jury, explain the defendant's decision and the impact such decision may have on the trial proceeding.   As part of its Proposed Jury Charge, the government has requested the following instruction:

> Mr. Weber has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. Because Mr. Weber has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of

witnesses, make objections, and argue legal issues to the court. I want to remind you that when Mr. Weber speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the defendant has chosen to represent himself, the court has appointed Mr. Brian Comerford, Esq. to assist Mr. Weber as standby counsel. This is a standard procedure. Mr. Comerford may confer with Mr. Weber throughout the course of the trial.  Just as when Mr. Weber speaks during the trial, when Mr. Comerford speaks during the trial, his words are not evidence.

Giving this instruction or some portion of this instruction would serve to inform the jury that the defendant is not to be treated differently simply because he is representing himself, and that statements he makes and questions he asks are not evidence.

## H.  Rebuttal Evidence:

It is difficult for the government to predict whether the defendant will present a defense. It is therefore impossible for the government to determine what issues or evidence the defendant may introduce.  The government has not listed potential rebuttal witnesses or potential rebuttal exhibits in its Pre-trial submissions.  The government, therefore, reserves the right to introduce rebuttal evidence at trial based upon the evidence presented by the defendant.

Generally, rebuttal evidence must be introduced to refute evidence on material issues of fact, whether elicited under direct or cross examination, as well as to refute evidence on

collateral issues if fact elicited on direct examination.   See United States v. Newman, 481 F.2d 222, 224 (2d Cir.), cert. denied, 414 U.S. 1007 (1973).   If rebuttal evidence is introduced, it would not be collateral to the main issue of guilt or innocence, nor would it be as a result of issues first drawn out by the government.   United States v. Boatner, 478 F.2d 737, 743 (2d Cir.), cert. denied, 414 U.S. 848 (1973).

## I.   Government Rebuttal Argument

The government and the defendant are entitled to make closing arguments at the end of the trial when the proof is concluded.   Fed. R. Evid. 29.1.   The government specifically reserves the right to make a rebuttal argument following the conclusion of the defendant's closing statement.

The Advisory Committee notes following Federal Rule of Evidence 29.1 (1975 Enactment) states that Rule 29.1 was enacted to "regulate closing arguments.   It prescribes that the government shall make its closing argument and then the defendant shall make his. After the defendant has argued, the government is entitled to reply in rebuttal."   See Fed. R. Evid. 29.1, Advisory Committee Notes (1975 Enactment).

The government therefore reserves the right to reply in rebuttal to the defendant's closing argument pursuant to Fed. R. Evid. 29.1.

DATED:   Buffalo, New York, October 21, 2015.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:   /s/   MARYELLEN KRESSE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5888
Maryellen.Kresse@usdoj.gov

/s/   RUSSELL T. IPPOLITO, JR.
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5843
Russell.Ippolito@usdoj.gov