IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 15-CR-10-A

CHARLES WEBER,

Defendant.

**GOVERNMENT'S AMENDED PROPOSED JURY CHARGE**

**THE UNITED STATES OF AMERICA**, by and through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, and the undersigned, of counsel, hereby submit the attached Government's Amended Proposed Jury Charge in the above-entitled case.

DATED: Buffalo, New York, October 27, 2015.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY: /s/ MARYELLEN KRESSE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5888
maryellen.kresse@usdoj.gov

/s/ RUSSELL T. IPPOLITO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5843
russell.ippolito@usdoj.gov

# INDEX

**REQUEST NO.** **PAGE NO.**

## COUNTS 1 & 2
## MAKING AND SUBSCRIBING A FALSE RETURN
## (26 U.S.C. § 7206(1))

1. The Indictment and the Statute ........ 3

2. Statutory Purpose ........ 6

3. Elements of the Offense ........ 7

4. First Element – Defendant Subscribed and Filed a Return* ........ 8

5. Second Element – Return Was Filed Under Penalty of Perjury ........ 9

6. Third Element – Return Was Materially and Knowingly False* ........ 10

7. Third Element – Omission of Material Matter** ........ 12

8. Third Element – Proof of One False Material Item Enough** ........ 13

9. Third Element – Proof of Tax Deficiency Not Required** ........ 14

10. Fourth Element – Willfulness ........ 12

11. Fourth Element – Good Faith Defense (If Asserted)** ........ 16

12. General Instruction – Defendant's Interest if Defendant Testifies ........ 17

13. General Instruction – Charts and Summaries ........ 18

14. General Instruction – Defendant's Self-Representation ........ 19

*Proposed charge amended from October 21, 2015 filing (Dkt. No. 54).

** Newly proposed charge.

**REQUEST NO. 1 COUNTS 1 & 2: THE INDICTMENT AND THE STATUTE**

The indictment charges the defendant with filing a false or fraudulent tax return. The indictment reads as follows:

**COUNT 1**
**(Making and Subscribing a False Return)**

**The Grand Jury Charges That:**

1. On or about April 15, 2009, in the Western District of New York, the defendant, CHARLES WEBER, a resident of Snyder, New York, did willfully make and subscribe a U.S. Nonresident Alien Income Tax Return (Form 1040NR) for the calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter.

2. That income tax return, which was prepared and signed in the Western District of New York and was filed with the Internal Revenue Service, falsely stated that the defendant was a nonresident alien; falsely stated that the defendant's only taxable income was $745.33 in dividends; falsely stated that the defendant had not been present in the United States during calendar year 2006; and failed to disclose that the defendant was engaged in the operation of a business activity, that is, a dental practice, from which he derived gross receipts and sales and received income, whereas, as the defendant then and there well knew, the defendant was a citizen of the United States; the defendant had received taxable income in addition to dividends, the defendant had been present in the United States during calendar year 2006; and the defendant was required by law and

regulation to disclose the operation of the business activity, the gross receipts and sales he derived therefrom, and the income from the business activity.

**All in violation of Title 26, United States Code, Section 7206(1).**

**COUNT 2**
**(Making and Subscribing a False Return)**

**The Grand Jury Further Charges That:**

1. On or about April 15, 2009, in the Western District of New York, the defendant, CHARLES WEBER, a resident of Snyder, New York, did willfully make and subscribe a U.S. Nonresident Alien Income Tax Return (Form 1040NR) for the calendar year 2007, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter.

2. That income tax return, which was prepared and signed in the Western District of New York and was filed with the Internal Revenue Service, falsely stated that the defendant was a nonresident alien; falsely stated that the defendant's only taxable income was $812 in dividends; falsely stated that the defendant had not been present in the United States during calendar year 2007; and failed to disclose that the defendant was engaged in the operation of a business activity, that is, a dental practice, from which he derived gross receipts and sales and received income, whereas, as the defendant then and there well knew, the defendant was a citizen of the United States; the defendant had received taxable income in addition to dividends, the defendant had been present in the United States during calendar year 2007; and the defendant was required by law and regulation to disclose the

operation of the business activity, the gross receipts and sales he derived therefrom, and the income from the business activity.

**All in violation of Title 26, United States Code, Section 7206(1).**

The indictment alleges that the defendant violated Section 7206(1) of Title 26 of the United States Code which provides that:

> Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter [shall be guilty of a crime].

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-18.

**REQUEST NO. 2 COUNTS 1 & 2: STATUTORY PURPOSE**

The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to file no return, under certain circumstances.

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-19.

**REQUEST NO. 3 COUNTS 1 & 2: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of filing a false or fraudulent tax return, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant subscribed and filed a tax return.

Second, that the return contained a written declaration that it was made under penalty of perjury.

Third, that the defendant did not believe the return to be true and correct as to every material matter.

Fourth, that the defendant acted willfully.

---

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-20.

**REQUEST NO. 4** **COUNTS 1 & 2: FIRST ELEMENT – DEFENDANT SUBSCRIBED AND FILED A RETURN**

The first element that the government must prove beyond a reasonable doubt is that the defendant subscribed and filed a tax return.

A tax return is subscribed to at the time it is signed. A tax return is filed at the time it is delivered to the Internal Revenue Service.

**Section 6064 of Title 26 of the United States Code provides, in part, that:**

> **The fact that an individual's name is signed to a return … shall be prima facie evidence for all purposes that the return … was actually signed by him.**

**In other words, you may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to accept any such inference or to make any such finding.**

**If you find beyond a reasonable doubt from the evidence in the case that defendant signed the tax return in question, then you may also draw the inference and may also find, but are not required to find, that defendant knew of the contents of the return that he signed.**

---

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-21;
2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.22 (6th. ed. 2008) (bold).

**REQUEST NO. 5** **COUNTS 1 & 2: SECOND ELEMENT – RETURN WAS FILED UNDER PENALTY OF PERJURY**

The second element that the government must prove beyond a reasonable doubt is that the return contained a written declaration that it was made under penalty of perjury.

To satisfy this element, the government must prove that on its face the return contained a statement indicating that the return was made under penalty of perjury.

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-22.

**<u>REQUEST NO. 6</u>** **<u>COUNTS 1 & 2: THIRD ELEMENT – RETURN WAS MATERIALLY AND KNOWINGLY FALSE</u>**

The third element that the government must prove beyond a reasonable doubt is that the defendant did not believe the return to be true and correct as to every material matter. To prove this element, the government must prove that the return was materially false and that the defendant knew that this was so.

~~An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.~~

The false statement in the return must be material. This means that it must ~~be essential to an accurate determination of defendant's tax liability~~ [have a natural tendency to influence or impede the Internal Revenue Service in ascertaining the correctness of the tax declared or in verifying or auditing the returns of the taxpayer.] * **To be "material" it is not necessary that the statement or representation, in fact, influence or deceive [the Internal Revenue Service].****

The government must also prove that the defendant knew that the statement was false. A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-23; 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.11 (6th ed. 2008) (bold).

*United States v. Greenberg, 735 F.2d 29, 31 (2d Cir. 1984) (holding that Section 7206(1) is intended to prevent misstatements that could hinder the IRS in verifying the accuracy of a return; accordingly, such false statements are material).

** The Second Circuit has held that the issue of materiality in a Section 7206(1) case is a question for the court, not the jury. See United States v. Nicolo, 421 Fed. Appx. 57, 67 (2d Cir. 2011) (noting that its prior holding in United States v. Klausner, 80 F.3d 55 (2d Cir. 1996) that "any failure to report income is material as a matter of law for purposes of § 7206" is still good law in the Second Circuit).

**REQUEST NO. 7 COUNTS 1 & 2: THIRD ELEMENT- OMISSION OF MATERIAL MATTER**

An income tax return may be materially false not only because of a misstatement of a material matter, but also because of an omission of a material matter.

---

United States v. Griffin, 524 F.3d 71, 76 (1st Cir. 2008); United States v. Taylor, 574 F.2d 232, 235-236 (5th Cir. 1978).

**REQUEST NO. 8 COUNTS 1 & 2: THIRD ELEMENT- PROOF OF ONE FALSE MATERIAL ITEM ENOUGH**

Counts 1 and 2 of the Indictment charge that the defendant's income tax returns for the years 2006 and 2007 were false in five material respects, that is, that the defendant was a nonresident alien, that his only taxable income was $745.33 in dividends, that he had not been present in the United States during 2006 and 2007, that he was not engaged in the operation of a business activity, that is, a dental practice, in 2006 and 2007, and that he did not derive any gross receipts or sales or receive income from the dental practice in 2006 and 2007.

You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that any one of these items was both material and falsely reported on the defendant's return. In other words, the government does not have to prove that all of the items were false and material: proof of the falsity and materiality of a single item is sufficient. You must unanimously agree on that item. On the other hand, if you unanimously find that none of these items was material and falsely reported on the defendant's return, then you should acquit the defendant.

---

Griffin v. United States, 502 U.S. 46, 49 (1991); United States v. Null, 415 F.2d 1178, 1181 (4th Cir. 1969).

**REQUEST NO. 9 COUNTS 1 & 2: THIRD ELEMENT- PROOF OF TAX DEFICIENCY NOT REQUIRED**

You are instructed that in proving that the defendant violated Section 7206(1), the government does not have to prove that there was a tax due and owing for the years in issue. Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged returns is not an element of Section 7206(1).

---

United States v. Marashi, 913 F.2d 724 (9th Cir. 1990): United States v. Olgin, 745 F.2d 263, 272 (3d Cir. 1984); Silverstein v. United States, 377 F.2d 269, 270 (1st Cir. 1967).

**REQUEST NO. 10 COUNTS 1 & 2: FOURTH ELEMENT – WILLFULLNESS**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted willfully.

In order for the government to prove this element, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally, with the specific intent to make a statement that the defendant knew was false, when it was the legal duty of the defendant to answer truthfully, and the defendant knew it was his legal duty to answer truthfully.

1 L. Sand, et al., Modern Federal Jury Instructions-Criminal (2015), ¶59.03, No. 59-24.

**REQUEST NO. 11** **COUNTS 1 & 2: FOURTH ELEMENT – GOOD FAITH DEFENSE (IF ASSERTED)**

If a person in good faith believes that an income tax return, as prepared by him, truthfully reports the information required to be provided under the internal revenue laws, he cannot be guilty of "willfully" making or subscribing a false or fraudulent return.

Therefore, if you find that the defendant honestly believed that he was a nonresident alien, that his only taxable income was $745.33 in dividends, that he had not been present in the United States during the years in question, that he was not engaged in the operation of a business activity, that is, a dental practice in those years, and that he did not derive any gross receipts or sales or receive income from the dental practice in those years, even if such beliefs were unreasonable or irrational, then you should find him not guilty.

However, you may consider whether the defendant's beliefs were actually reasonable as a factor in deciding whether he held those beliefs in good faith.

It should also be pointed out that neither the defendant's disagreement with the law nor his own belief that the law is unconstitutional, no matter how earnestly that belief is held, constitutes a defense of good faith misunderstanding or mistake.

It is the duty of all citizens to obey the law regardless of whether they agree with it.

---

Adapted from 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.20 (6th ed. 2008); 1 L. Sand, et al. Modern Federal Jury Instructions- Criminal (2015),

**REQUEST NO. 12 DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

---

1 L. Sand, et al, Modern Federal Jury Instructions (2015), ¶7.01, No. 7-4.

**REQUEST NO. 13 CHARTS AND SUMMARIES**

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

Adapted from 1 L. Sand, et al, Modern Federal Jury Instructions (2015), ¶5.05, No. 5-12.

**REQUEST NO. 14 DEFENDANT'S SELF-REPRESENTATION**

Mr. Weber has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. Because Mr. Weber has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Mr. Weber speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the defendant has chosen to represent himself, the court has appointed Mr. Brian Comerford, Esq. to assist Mr. Weber as standby counsel. This is a standard procedure. Mr. Comerford may confer with Mr. Weber throughout the course of the trial. Just as when Mr. Weber speaks during the trial, when Mr. Comerford speaks during the trial, his words are not evidence.

---

Adapted from 3 L. Sand, et al, Modern Federal Jury Instructions, Eight Circuit Pattern Criminal Jury Instructions (2015), ¶2.23