UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHARLES WEBER,

                Defendant.

**DECISION AND ORDER**
15-CR-10-A

---

The defendant, Charles Weber, is before the Court for a determination pursuant to 18 U.S.C. § 4241 whether he is mentally competent to stand trial. After due consideration of the evidence admitted during a competency hearing held over parts of three days in January, 2018, the parties' lengthy post-hearing memoranda, the parties' oral arguments on April 13, 2018, and the record in the case, the Court finds that defendant Weber is mentally competent to stand trial. The Court finds by a preponderance of the evidence that the defendant understands the nature and consequences of the proceedings against him, and that he has the ability to assist properly in his defense.

## BACKGROUND

The defendant faces a two-count Indictment charging that he made and subscribed false tax returns in violation of 28 U.S.C. § 7206(1). The two counts are based upon tax returns the defendant filed on April 15, 2009, covering the 2006 and 2007 tax years. Each count charges four similar false statements:

> First, that the defendant was a nonresident alien even though he is a United States citizen;

> Second, that the defendant had taxable income of only $745.33 from dividends for the 2006 calendar year, and only $812 from dividends for the 2007 calendar year, respectively;
>
> Third, that the defendant was not present inside the United States during the 2006 and 2007 calendar years; and
>
> Fourth, that the defendant failed to disclose that he had engaged in the business activity of operating a dental practice from which he derived income during each of the 2006 and 2007 calendar years.

The defendant seems to admit having been born in Queens, New York, and to living within the geographic boundaries of this judicial district while practicing dentistry in return for money during the 2006 and 2007 calendar years. The alleged false statements in the tax returns arise from the defendant's unconventional political beliefs. He is an adherent of the so-called sovereign-citizen political ideology, and he asserts that is a foreign sovereign who is immune from the authority of the United States.

## THE COMPETENCY HEARING

The defendant first submitted to a mental-health evaluation in August of 2016. The evaluation was arranged by his counsel to assess whether the alleged false statements in the defendant's 2006 and 2007 tax returns were made in a good faith belief that the statements were in fact true, not to evaluate the defendant's mental competency to stand trial.

A psychiatrist, Ana Natasha Cervantes, M.D., and her forensic psychiatry

fellow, Melissa D. Heffler, M.D., concluded after their mental-health evaluation of the defendant that he suffered from a delusional disorder based upon his sovereign-citizen beliefs and his adoption of some unscientific health treatments. Dr. Cervantes and Dr. Heffler reported that the defendant's:

> beliefs are unlikely to change despite presentation of evidence of rational arguments to contradict them.

While emphasizing the fixed nature of the defendant's beliefs about his legal status, the forensic psychiatrists did not express concern about his mental competency to stand trial in the written report of their evaluation.

In the Spring of 2017, the defendant agreed to another mental health evaluation to assess his good faith — or lack of it — and also to assess his mental competency pursuant to 18 U.S.C. § 4241. A forensic psychologist, Dr. Daniel Antonius, who was retained by the United States, concluded that the defendant's unconventional belief that he is a foreign sovereign, and his associated beliefs that he should be immune from federal income tax, and federal authority generally, represent a cultural belief system, and are not the product of a delusional disorder.

After conducting numerous psychological tests, Dr. Antonius disagreed with Drs. Cervantes and Heffler primarily because he concluded that the test results did not support their diagnosis that the defendant suffers from a delusional disorder, and because they overlooked that the defendant's sovereign-citizen beliefs emerged somewhat gradually over time. Delusional disorders of the sort diagnosed by Drs. Cervantes and Heffler are clinically expected to manifest themselves more abruptly,

according to Dr. Antonius. He noted relevant stresses suffered by the defendant coinciding with his adoption of sovereign-citizen beliefs, and found no evidence of a neuropsychological impairment, let alone grounds for diagnosis of a disability.

After Dr. Antonius' evaluation of the defendant, Dr. Cervantes conducted a follow-up evaluation of the defendant. Dr. Cervantes added a diagnosis that the defendant suffers from an unspecified neurocognitive disorder, despite an MRI and psychological test results that seem inconsistent with that diagnosis.

Dr. Cervantes stressed her clinical observations that prompted her to conclude that the defendant suffers from impaired executive function. She reasoned that the defendant's relatively recent acceptance of unscientific health treatments, given his training and experiences as a dentist, supported her belief that he may have suffered a significant cognitive decline that was not indicated in the results of Dr. Antonius' testing. For example, she concluded that some of Dr. Antonius' test results in normal ranges for the defendant were not sufficiently reliable because the defendant's baseline results could have been far above normal. Most important for Dr. Cervantes seems to have been the defendant's unwillingness to give up sovereign-citizen beliefs that the defendant expects to rely upon at trial, despite the risk that the defendant will be found guilty, and despite the serious inter-personal and financial harms that holding those beliefs is causing the defendant to suffer. Dr. Cervantes concluded the defendant is:

> Suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

> proceedings against him and to assist properly in his defense.

Despite the sharp differences of clinical and forensic opinion of Dr. Cervantes and her fellow, Dr. Heffler, on the one hand, and Dr. Antonius on the other hand, the Court has been impressed by the careful work of each of these forensic professionals. Their written reports, together with the testimony of Dr. Cervantes and Dr. Antonius during the competency hearing, were all very helpful to the Court in assessing the defendant's competency. But of all the probative evidence and argument before the Court, the Court found the testimony and behavior of the defendant during the competency hearing to be the most significant.

## DISCUSSION

The standard by which the Court is to determine whether a criminal defendant has a mental disease or defect rendering the defendant mentally incompetent to stand trial is the two-part test articulated by the Supreme Court in *Dusky v. United States*, 362 U.S. 402 (1960). First, does the defendant have the capacity to understand the nature and consequences of the proceedings against him? And second, does the defendant have the capacity to assist properly in his defense? See 18 U.S.C. § 4241(a). By this standard, the court finds the defendant mentally competent to stand trial, notwithstanding his sovereign-citizen cultural belief system.

In his testimony during the competency hearing, the defendant displayed a fairly high level of cognitive functioning. He was clearly engaged during the hearing with an understanding of the specific proceeding he was participating in, and he was

able to make points that he chose to make during his testimony. For example, the defendant sought to rebut Dr. Cervantes' conclusion that he has fallen prey to medical quackery as a result of disabling neurocognitive decline by sponsoring into evidence persuasive demonstrative evidence to highlight his views of the practical limitations of medical science, and by calmly explaining during his testimony that it is untrue that he has no faith in conventional evidence-based medicine, even though he has used, and is using, some alternative naturopathic approaches to address specific somatic concerns.

It was obvious to the Court that the defendant's direct testimony emerged as a result of his having prepared with his counsel to cover topics that the defendant wanted to be covered during his direct examination. And defense counsel made it clear in response to questioning by the Court that, despite the pending concerns about the defendant's mental competency, the defendant had conferred with counsel, and, in counsel's opinion, the defendant fully understood the risks of taking the stand to testify during the competency hearing. These circumstances tend to show that the defendant has the capacity to assist his attorney during the proceedings against him.

Further, the Court notes that the defendant's sovereign-citizen beliefs are not entirely fixed. For example, the defendant admitted to Dr. Heffler that even after he had begun to adopt sovereign-citizen beliefs, he made sure that his wife filed a separate income tax return for the 2006 tax year because he did not want his wife to get in trouble. Those circumstances show that he understood what law was

6

controlling law.  And the defendant plainly acknowledged during his direct testimony during the competency hearing — and on cross-examination — that he understands that his view of what the law that governs his status as a citizen and taxpayer should be is not likely to be applied during this proceeding.  The circumstances show that the defendant's sovereign-citizen beliefs are not so firmly fixed that they qualify as disabling delusions.

     The Court's findings about the defendant's mental competency are consistent with what the Court understands from the parties is the best current analysis on the topic of competency evaluations of sovereign-citizen defendants, which is a single paper written by George F. Parker, M.D., entitled *Competence to Stand Trial Evaluations of Sovereign Citizens:  a Case Series and Case Primer of Odd Political and Legal Beliefs*, 42 Journal of the American Academy of Psychiatry and the Law, pp. 338-349  (2014), which concludes:

> A defendant who puts forward sovereign citizen beliefs in court or during a competence assessment is unlikely to lack the capacity to understand the nature and objectives of criminal proceedings or to be unable to assist his attorney.

*Id.* at 347-48.

     Based upon the entire record, the Court finds by a preponderance of the evidence that the defendant has the present capacity to understand the nature of the proceedings against him, and he does not hold a disabling fixed belief that his view of what law should be will apply during this proceeding.  By refusing to submit to federal authority, the defendant is acting conscientiously, even though he

7

understands his conduct may well be self-defeating. The defendant is not suffering from a mental disease or defect that precludes sufficient rational understanding of the proceedings against him. He fully understands adhering to the sovereign-citizen ideology is likely to marginally harm him.

The Court also finds that the defendant retains the capacity sufficiently to assist his counsel with his defense. The defendant testified on cross examination about his reluctance to use a federal defender because doing so would require him to compromise his sovereign-citizen beliefs, but it is clear based upon the defendant's testimony and conduct that he has more than sufficient mental capacity to assist counsel with his defense, should he choose to do so.

## CONCLUSION

For the foregoing reasons, the Court finds pursuant to 18 U.S.C. § 4241 that the defendant, Charles Weber, is mentally competent to stand trial. The parties shall appear on May 9, 2018, at 9:30 a.m., to set a date for trial, and for proceedings on whether the defendant is mentally competent to waive counsel and, if so, for *pro se* colloquy regarding a possible waiver of counsel.

**SO ORDERED.**

       *S/Richard J. Arcara*
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated: May 3, 2018