UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

BUFFALO, NEW YORK 14202



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v | § | |
| Charles Weber | § | |
| | § | |
| | § | CASE # 15 CR 0010 |

## MOTION TO DISQUALIFY DISTRICT JUDGE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

I.     28 USC § 144 and 28 U.S.C. § 455(a)(b)

Defendant, Charles Weber, hereby moves JUDGE RICHARD J. ARCARA, pursuant to 28

U.S.C. § 144 and 28 U.S.C. § 455(a) (b), to immediately disqualify himself, sua sponte, in

accordance with Supreme Court precedence in *Rippo v Baker* 137 S. Ct. 905, and in the interest

of justice, from all future proceedings in this matter.

II.     DISCUSSION

The Supreme Court in *Rippo* has set the bar for the disqualification of a district judge according

to the precedents that minimally require:  whether, considering all the circumstances alleged, the

risk of bias was too high to be constitutionally tolerable.

The first grounds for JUDGE ARCARA's disqualification is a history of demonstrated personal

bias toward defendant in the presentation of his defense.   In open court for a competency

hearing May 18, 2018, JUDGE ARCARA made statements that defendant's key evidence

would not be admissible in trial, that upon conviction defendant was to spend spend two and a

1

half years in jail waiting for an appeal, or defendant could use the interlocutory appeals process which was not usually successful.

JUDGE ARCARA has demonstrated by his statements, conduct and demeanor toward this defendant that his impartiality might reasonably be questioned.

JUDGE ARCARA presents the risk of unconstitutional bias regarding the evidentiary looseness afforded to a close, long-term employee for presiding JUDGE RICHARD J. ARCARA and his law clerk, MARY ELLEN KRESSE, the prosecuting attorney for the government in this case. "Under our precedents, the Due Process Clause may sometimes demand recusal even when a judge " 'ha[s] no actual bias.' "Aetna Life Ins. Co. v. Lavoie, 475 U. S. 813, 825 (1986). Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable."  Withrow v. Larkin, 421 U. S. 35, 47 (1975); see Williams v. Pennsylvania, 579  U. S.  ___, ___  (2016)  (slip  op.,  at  6) ("The  Court asks not whether a  judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average  judge in his position is likely to be neutral, or whether there in an unconstitutional potential for bias." …[A]lthough we had explained to there that the petitioner there had pointed to actual, subjective bias, we did not show that a litigant must show, as a matter of course, that a judge was "actually biased in [the litigant's] case" 132 Nev., at ___, 368 P. 3d, at 744  The question "our precedents require:  whether, considering all the circumstances alleged, the risk was too high to be constitutionally tolerable." *Rippo v Baker* No. 16–6316. 137 S. Ct. 905, 197 L. Ed. 2d 167, 2017 U.S. LEXIS 1571 Decided March 6, 2017

On May 18, 2018, in the county of Erie, New York, federal judge RICHARD J. ARCARA made statements in open court exposing the appearance of his judicial bias against defendant.

JUDGE ARCARA stated that it was" my court and I make the rules." implying he would not follow the F.R. of Cr. Proc., the F. R. of Ev., and those Rules of Procedure and Evidence promulgated by the Supreme Court pursuant to 28 USC 2072 that protect against the abridgement of due process and the right to freedom of speech by presenting in court those documents that are to be used for his defense.

The following are a very close paraphrasing of JUDGE ARCARA's ensuing statements.  After JUDGE ARCARA the said "this is my court and I make the rules.", he asked me if I was familiar with the Federal Rules of Evidence.

I had that reference book with me at the table and showed JUDGE ARCARA the Federal Rules of Evidence book and said "I was getting familiar with it."

JUDGE ARCARA then shockingly stated " I will probably not allow your genealogy as admissible evidence during trial."

Next JUDGE ARCARA stated that "You can appeal this upon conviction, but you will spend two and a half years in jail waiting for your appeal even if you are successful."

Next JUDGE ARCARA stated "You can always try an interlocutory appeal in the 2nd circuit, but those appeals are usually not successful."

The statements of JUDGE ARCARA in this competency hearing, forewarning defendant of his intent to exclude exculpatory genealogical evidence, convicting before trial, sentencing for jail, speaking of the two avenues of appeals before trial, are contrary to an impartial justice system.

JUDGE ARCARA's statements show blatant disregard for ideals of the American justice system, the rules of evidence pursuant to *Miranda v Arizona*, the rules of evidence the Supreme Court mandates all federal judges to obey, and gives the appearance that due process, a substantive right protected by the state and federal constitutions stated in 28 USC 2072(b), was

3

taking a back seat to the judge's bias in favor of a former employee, MARY ELLEN KRESSE, the prosecuting attorney in this case.

Those statements and his ensuing statements exposed judge ARCARA's bias to exclude defendant's genealogy evidence from being produced at trial on his ruling on the basis of relevancy even before JUDGE ARCARA reviewed this evidence. F.R. of Ev. 403.

This was not the first time JUDGE ARCARA showed bias toward defendant's ability to present evidence into the record. I was prevented by JUDGE ARCARA from reading my work notes while testifying during a competency hearing January 24, 2018. I asked why, JUDGE ARCARA said "I make rulings, I don't explain ."

The defendant and his family members are the only competent witnesses that can produce legally sufficient evidence of citizenship properly before the court. Defendant's genealogical evidence of citizenship supported by family affidavits and other family historical evidence is the highest and only legal evidence of citizenship recognized by this court. F.R. Ev 602

In other words, JUDGE ARCARA had already prejudged and convicted defendant before going to trial.

The defendant requested the court transcript of May 18, 2018 from MEGHAN PELKA, the court reporter who serves at the pleasure of JUDGE ARCARA.

Upon inspection, the contents were almost three pages short of MEGHAN PELKA's original statement of five pages.

The court transcript was missing the biased statements of JUDGE ARCARA just described and others regarding the setting of the court schedule for trial as described in more detail in the affidavit to follow.

Upon information and belief, it would be reasonable for a neutral observer to conclude that

JUDGE ARCARA did direct, instruct, or influence MEGHAN PELKA to redact or excise those statements from the official record that indicated judicial bias.

There is no other reason for those missing statements other than PELKA redacted ARCARA's statements of bias.  It is not unreasonable to allege PELKA redacted ARCARA's statements of bias in order to stay in his good graces.

CONCLUSION

Wherefore, given the above legal precedence set by *Rippo v Baker* 137 S. Ct. 905, and the attached affidavit, as well as the totality of facts, the callous disregard for the rules of evidence and actions of animus toward the defendant, JUDGE ARCARA should be disqualified from all further participation in this case pursuant to 28 USC Sec. 144 and 28 USC 455(a).

_____              *August 6, 2018*

Signature                                                      Date

Charles Weber
c/o 25 Greenbrier Road
Snyder, New York 14226
716-839-9678

I certify a true and correct copy of this motion was delivered to the U.S. Attorney Office, 38 Delaware Avenue, Buffalo, New York 14202 August 6, 2018

AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY DISTRICT JUDGE

State of New York      } SS
Erie County            } SS

I, Charles Weber, being duly sworn, deposed and says:

That I am the defendant and movant in this matter and make this affidavit in support of the

Motion to Disqualify District Judge.

Defendant accuses JUDGE RICHARD J. ARCARA of bias in the act of persuading

another person, court reporter MEGHAN PELKA, to tamper or alter a court transcript with intent

to suppress evidence of judicial bias material to the innocence of defendant. Missing or redacted

statements of ARCARA is evidence of judicial bias and violation of 5th amendment due process

and due process under the common law of New York Article 1 Sec. 14.

Brief History

A competency court hearing in the criminal trial was held in the Robert Jackson federal

courthouse 2 Niagara Square, Buffalo, New York Friday May 18, 2018.

In this hearing, the PUBLIC DEFENDER BRIAN COMERFORD was released and Weber was

declared competent to conduct his own affairs by JUDGE RICHARD J. ARCARA.

Immediately after that competency declaration, JUDGE ARCARA proceeded to address the

topic of evidence admissibility in his court.   The following are near quotes, very accurate

paraphrasing.

JUDGE ARCARA stated "this is my court and I make the rules."

JUDGE ARCARA's statements regarding evidence exclusion were voiced only to defendant's

evidence, not the government's.

The only evidence of concern to JUDGE ARCARA in those statements was defendant's

7

C1

genealogical evidence he forewarned would be ruled inadmissible in trial.

Further statements by JUDGE ARCARA were made anticipating the appeal of evidence

exclusion for trial regarding the appeals process were directed toward the defendant.

Those statements were descriptive of the appeals process, jail time waiting for the appeal

process, and the interlocutory appeals option. The last statements of JUDGE ARCARA in the

hearing set the trial schedule, dates, and court times.

As a result of these troubling statements referring to defendant's evidence exclusion, the court

transcript was requested by defendant and received July, 5, 2018

Upon inspection of the transcript of May 18, 2018 many statements made by JUDGE ARCARA

were missing. According to my notes, there was dialogue between the attorneys and JUDGE

ARCARA because of difficulty in synchronizing a trial date that never made it to the transcript.

The following events regarding the transcript contents and factual omissions will be described in

more detail below.

3.    COURT TRANSCRIPT PROCUREMENT

The court transcript from May 18, 2018 was requested from JUDGE ARCARA court reporter

MEGHAN PELKA by phone on July 3, 2018.  A message was left for PELKA as she was

unavailable at the time to answer.

PELKA returned the phone call later in the day and stated the requested transcript for that day

was five pages long and would cost twenty-five dollars.

I drew up a memo of understanding and accounting.  The M & T bank check 501821512-2 was

made to PELKA in consideration for her services as agreed upon.

Upon completion a few days later, July 5, 2015, PELKA called to say the transcript was ready

and the fee was reduced to nineteen dollars and forty cents.

PELKA stated the reduced fee reflected the reduced transcript from five pages to two pages and three lines of a third page, almost a sixty percent reduction in from her original statement of five pages. While the remainder of proportional fee reduction was not worth the effort to question, the drastic reduction in page length was of a dubious nature. Exhibit 1  Court Transcript May 18, 2018: JUDGE RICHARD J. ARCARA, AUAS MARY ELLEN KRESSE, PUBLIC DEFENDER BRIAN COMERFORD, Charles Weber, Memo of understanding, M & T check # 5018211512-2 (Weber), Western Union Refund Check 47-041258440(PELKA)

4        When the notes I took during that hearing were compared to the content in the transcript, I realized the missing statements by JUDGE ARCARA and others were substantial.

Further, those statements made in the open court hearing were material to the ability of defendant to have a fair and impartial hearing.

Those statements in court demonstrated JUDGE ARCARA intended to deny the most important piece of evidence and the only legal evidence of defendant's citizenship to be placed in the court record by the trier of facts. Exhibit 2 Weber genealogy, affidavits, NYS ORDER of JUDGE O'DONNELL and supporting papers, Van Horn historical documents (8 pages),

STATEMENTS OF ARCARA ARE MATERIAL TO JUDICIAL BIAS,
VIOLATION OF 5th AMENDMENT DUE PROCESS AND FIRST AMENDMENT
FREEDOM OF SPEECH

5        My handwritten notes of ARCARA's courtroom statements May 18, 201, are evidence statements made by ARCARA's were made and were made with intent to conduct a trial with admissible evidence favorable to one party and unfavorable to the other party.

The missing statements in the court transcript that appeared on defendant's legal pad are evidence ARCARA played a part in their redaction.

9

Intentional alteration of court records that deny freedom of speech and due process remove jurisdiction from the court.

My defense hinges in the argument of citizenship that is supported by my genealogy, affidavits and other historical documents that form the centerpiece of direct legal evidence of proof. F.R. The coverup of JUDGE ARCARA's intent to suppress defendant's relevant evidence of the defendant fits a pattern of abuse of proper court procedure. This includes JUDGE ARCARA's tone of voice, facial expressions and demeanor.

JUDGE ARCARA has a history of allowing evidence into this case that was not proper before the court.

The criminal court proceedings at hand center on the alleged controversy of Weber's citizenship. Weber claims state citizenship in an affidavit before the court as one of the People by direct descendancy.  Certified copy of the public record

Further genealogical records and other records of historical note support defendant's claim of state Citizenship.  F.R. of Ev. 601, 602, 803(13)

Affidavits and family genealogical history are legal evidence of citizenship, the government is unable to meet that burden.  F.R. of Ev. 602

JUDGE ARCARA's actions to favor the government distort and generate a predetermined outcome instead of letting the all material facts in evidence impartial to both sides lead to a proper judgement.  JUDGE ARCARA's actions are biased and are designed to result in a miscarriage of justice.

The accumulation of effect from JUDGE ARCARA ignoring the rules of evidence to favor a former employee now working for the government to suppress critical evidence to the defense under the cover of relevancy is obvious bias.

10

6  KRESSE's MOTION IN LIMINE argued for eliminating all Weber's evidence of birth

records in September of 2015 comes into play through ARCARA's statements of May 18, 2018

to exclude Weber's genealogical evidence. Exhibit

7  The complaint at hand is the result of an altered federal court document that is missing

evidence of statements from a federal judge in an official court proceeding.  There is no evidence

the court transcript was certified 'as amended' by PELKA.

The basis for the court hearing May 18, 2018 was to determine the fitness of Weber to manage

his defense.  The court recognized Weber's ability to conduct the defense without counsel on this

date.  I had motioned release of COMERFORD in July of 2017 in federal court, but the release

was not granted until this day of May 18, 2018.

The competency segment of the court dialogue appears to have been properly recorded by

PELKA in the court transcript.

There were other dialogues that involved the logistical planning for the coordination of the

participants schedule for the pre-trial hearing, jury selection and trial.  I wrote down the first two

tentative dates and times on the legal pad only to scratch them out due to attorneys/judges

conflicting schedules.

JUDGE ARCARA made preliminary statements regarding the Rules of Evidence and asked if I

knew of them. I affirmed I was getting familiar and held up the Federal Rules of Evidence with

Committee Annotations and Key Cases by Evgenia Naumchenko.

I had made notes in the Federal Rules of Evidence both prior to and during that court hearing.

The notes I took during for that hearing of May 18, 2018 were made in note sections for Rules

101, 102, 201, and 403.

8  JUDGE ARCARA then made statements regarding the admissibility of my genealogical

evidence.

ARCARA was taking the position he planned to prevent my genealogical evidence from being entered as evidence into the record before the jury based on a lack of relevance. (Rule 403) ARCARA did not justify his reasoning for his position as to why the genealogy was not relevant. ARCARA's position tilts the favor of conviction to the government.

That genealogical evidence is the centerpiece of material evidence that proves my proper citizenship is as a Citizen of the several states and expressly not that of a 14th Amendment citizen of the United States.  That evidence is admissible under Rules of Evidence 102, 401, 402, 602 and 803(13).

STATEMENTS MISSING FROM TRANSCRIPT

9  The following are statements made in court by ARCARA, KRESSE, COMERFORD, and myself in dialogue or by ARCARA speaking soley, that are missing when compared with handwritten notes I made on my legal pad and the notes I made in my F.R. of Ev. Book previously mentioned.  Exhibit 1  Exact photocopy of Note Pad with my handwritten notes and exact photocopy of the Federal Rules of Evidence book with my handwritten notes.

First statements/dialogue missing from court transcript.  JUDGE ARCARA stated that it is his court and he makes rulings regarding relevance and admissibility. Those statements are missing from the transcript.

Second statements/dialogue missing from court transcript.  ARCARA asked me if I was familiar with the Federal Rules of Evidence.  That question and my response are missing from the court transcript.

Third statements/dialogue missing from the transcript.  ARCARA made statements in regard to the admissibility of my genealogical history, he was planning to suppress the the legal evidence

that acts as the centerpiece of my defense. Those statements are missing from the transcript.

Fourth statements/dialogue missing from court transcript. ARCARA stated that an appeal regarding the admissibility of that genealogy could be made upon conviction, but it would be 2 to 2 1/2 years before the appeal would be heard and that time would be spent in jail. Those statements that ARCARA had already convicted defendant before trial are missing from the transcript.

Fifth statements/dialogue missing from court transcript. JUDGE ARCARA also stated that an interlocutory appeal to the 2nd Circuit would be possible, but that usually does not prove successful. Those statements were missing from the transcript.

Sixth statement missing from the court transcript. Statements were made that the pre-trial conference would be 10 days to 2 weeks prior to the jury selection and trial. That statement is missing from the transcript.

Seventh statements/dialogue missing from the court transcript. The initial date I wrote down for jury selection was June 26th at 9:30 AM. That date caused a conflict with the attorneys so I crossed that date off with my pen. Those statements of court officers are missing from the transcript.

Eighth statement/dialogue missing from the court transcript. The second attempt for jury selection was July 23rd, however, that date created a conflict with the attorneys, so after writing that date down, I had to cross that off with my pen also. Those court officer statements are missing from the transcript.

Ninth statement/dialogue missing from court transcript. Tentative date dialogue for August 8 trial was missing from transcript. August 8th date conflict scratched out with my pen.

Tenth statements/dialogue missing from the transcript. The court appearance time is always

announced by the court scheduler at the same time as the court appearance date.   My

handwritten notes have 9:30 AM for August 14th jury selection and 2 PM for pretrial August 2nd.

The final date of August 14th for jury selection and August 2nd for pre-trial did make the

transcript, however the court times dialogue for those dates are missing from the court transcript.


I.      CONCLUSION

The standard for judge disqualification is set by the Supreme Court as to the question

whether, considering all the circumstances alleged, the risk of bias was too high to be

constitutionally tolerable.  The close professional relationship between presiding judge

RICHARD J. ARCARA and long-time law clerk of twenty-two years MARY ELLEN KRESSE,

acting as prosecutor in this case presents an unconstitutional risk of bias.

The court transcript from the May 18, 2018 competency hearing is missing ten (10)

statements/dialogue made by JUDGE RICHARD J. ARCARA and others in court.

Five (5) statements regard the exclusion of the evidence that is crucial to the defense against the

charging indictment.

As described in previous detail, JUDGE ARCARA's statements are evidence of judicial bias,

where his impartiality might be reasonably questioned and are grounds to disqualify himself

under 28 USC 455(a) for failing to act in accordance with rules that require adherence to proper

court evidentiary procedure.   In addition, since defendant is a witness in his own case, JUDGE

ARCARA shall disqualify himself pursuant to 455(b) on the grounds that JUDGE ARCARA had

personal knowledge of my genealogy submitted as evidence in a previous motion in June 17,

2017 that had he not known of that evidence, JUDGE ARCARA would not have forewarned

defendant of his ruling to exclude.   As such, JUDGE ARCARA cannot accept from the parties

to the proceeding a waiver of any ground for disqualification enumerated in subsection (b).

The court transcript is evidence MEGHAN PELKA was directed or influenced to redact

evidence of judicial bias by JUDGE ARCARA. As the court reporter, PELKA serves at the

pleasure of the judge. Tampering with court document evidence by RICHARD J. ARCARA is

also a violation of a federal judge's oath of office and judicial canons.

The foregoing statements are made in GOOD FAITH, to the best of my knowledge, are made

truthfully and completely with firsthand knowledge, without any outside influence, and are made

under the penalty of perjury.

_Charles Weber_____                    _August 6, 2018_

Signature                                         Date

Charles Weber
c/o 25 Greenbrier Road
Snyder, New York [14226] 716-839-9678

STATE OF NEW YORK
SS. :                                             INDIVIDUAL VERIFICATION
COUNTY OF _Erie_____ )

On the _6_ day of _August_ , in the year _2018_ , before me, the undersigned,
personally appeared _Charles Weber_ , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his capacity, and that by his
signature on the instrument, the individual, or the person upon behalf of which the individual
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of The State of New York that the
foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

ASHLEY DIRSCHEDL
NOTARY PUBLIC STATE OF NEW YORK
ERIE
LIC. #01DI6347761
COMM. EXP. 09/12/2020

15

Revised 05/01 WDNY

**AFFIRMATION OF SERVICE**

(*If you are __not__ having your signature notarized, use this form*)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_USA_____,

Plaintiff(s),                          AFFIRMATION OF SERVICE

v.                                     _15_-CV-_0010_

_Charles Weber_____,

Defendant(s).

I, (*print your name*) _Charles Weber_____ served a copy of the attached papers
(*state the name of your papers*) _Motion to Assign My Pretrial Judge_
_28 USC 144 , 28 USC 455(a)(b)_____

_____

_____ upon all other parties in this case
by mailing _____ by hand-delivering __✗_____ (*check the method you
used*)
these documents to the following persons (*list the names and addresses of the people you
served*) _ATTORNEY KRESE    35 Delaware Ave_
_Bflo NY 14502_

_____
_____
_____
_____
_____
_____

on (*date service was made*) _Aug 6, 2018_____

I declare under penalty of perjury that the foregoing is true and correct, to the best of my
knowledge, information and belief.

Executed on _Aug 6, 2018____   _Charles Weber_____
(*date*)                              (*your signature*)