UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHARLES WEBER,

Defendant.

**DECISION AND ORDER**
15-CR-10-A

---

The defendant, Charles Weber, faces a two-count Indictment charging that he made and subscribed false tax returns in violation of 28 U.S.C. § 7206(1). Defendant Weber is, contrary to the strongest advice that the Court has been able to give him, appearing on his own behalf without an attorney. Jury selection and trial are scheduled to begin on August 14, 2018.

On July 30, 2018, defendant Weber filed a "motion for summary judgment." The defendant contends generally that the case against him must be dismissed before trial because the United States has not provided competent evidence in admissible form to prove the charges against him or to establish the Court's jurisdiction to proceed. He specifically asks the Court to find before trial that there is no competent evidence of his citizenship sufficient to establish that he is subject to federal income taxes or the Court's jurisdiction.

Civil procedure that permits entry of summary judgment under Fed. R. Civ. P. 56 does not apply in a criminal case. *United States v. Sampson*, No. 15-2869-cr, slip op. at pp. 18-33 (2d Cir. August 6, 2018). "There is no such thing as a motion

for summary judgment in a criminal case." *Russell v. United States*, 369 U.S. 749, 791 (1962) (Harlan, J. dissenting). Because the Court lacks authority to grant summary judgment to defendant Weber, his motion for summary judgment is denied.

Even if the Court were to construe defendant Weber's motion for summary judgment as a motion to dismiss the Indictment pursuant to Fed. R. Crim. P. 12(b), and to overlook that any Rule 12(b) motion would be untimely, the motion would still be denied. In some limited circumstances, and consistent with *United States v. Alfonso*, 143 F.3d 772 (2d Cir. 1998), the Court *can* consider the sufficiency of evidence regarding elements of an offense or a jurisdictional predicate pursuant to Rule 12(b). *See e.g.*, *Sampson*, *supra*, slip op. at pp. 26-33. Here, however, *Alfonso* does not permit the sort of pretrial fact-finding that the defendant belatedly seeks because the United States has not made "a full proffer of the evidence it intends to introduce at trial." 143 F.3d at 776-77.

The Court is cognizant that defendant Weber specifically challenges the Court's jurisdiction by suggesting that the United States has no evidence of his citizenship. Dkt. No. 140, pp. 20-22. The argument is badly misplaced. First, the Court's jurisdiction to hear the case does not depend on proof of the defendant's citizenship. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.") Second, the United States has submitted a proposed trial exhibit that purports to be the defendant's birth certificate, Dkt. No. 135, Ex. 11,

2

and the defendant admits being born in Queens County, New York. Because a person is a citizen of the United States if born in the United States, the defendant's birth certificate and admission are competent evidence of his status as a United States citizen who is not a non-resident alien. *See e.g.*, *Taliaferro v. Freeman*, 595 F.App'x 961, 962-63 (11th Cir. 2014).

## CONCLUSION

The motion for summary judgment filed by defendant Weber, Dkt. No. 140, is denied. The Court renews its direction to standby counsel to be ready to step in as full counsel at any time before or during the trial.

**SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 7, 2018