UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO, NEW YORK 14202



UNITED STATES OF AMERICA, *Plaintiff* §
v  §
CHARLES WEBER, *Defendant* §
 §
 §   <u>CASE # 15 CR 0010</u>

OBJECTION TO ARCARA ORDER AND MOTION FOR SUMMARY DISMISSAL 12(b)

I.    BRIEF HISTORY

1 On July 30, 2018, defendant Charles Weber filed a motion in federal court for Summary Judgement (56 F.R. of Civ. P(a)(b)(c)) in criminal case 15 CR 0010. The criminal case was brought forth on indictment and defendant was arrested Thursday, January 15, 2015. This Summary Judgement motion was in response to the lack of material factual evidence brought forth by the government since 2015 to support the allegations contained in the indictment.

2 The defendant asked the court if the government proved the burden of moving to trial based on undisputed material facts, and whether the government can prove its case as a matter of law.

3 Defendant received JUDGE ARCARA's DECISION AND ORDER to dismiss Monday, August 13, 2018 via USPS mail.

4 Defendant incorporates the court exhibits contained in the July 30, 2018 Motion for Summary Judgement by reference to prevent unnecessary duplication and burdensome paperwork.

II.     DISCUSSION

1 JUDGE ARCARA's DECISION was on the following grounds, defendant's motion is a civil motion not proper for criminal proceedings, and is an untimely motion under Fed.R. Crim. P 12(b) motion according to *United States v Alfonso*, 143 F.3$^d$ 772 (2nd Cir. 1998) because the government has not made a 'full proffer of the evidence it intends to introduce at trial.' 143 F.3d at 766-77.

2 Defendant objects to the ORDER dismissing defendant's summary judgement motion, F. R. of Civ. P 56(a)(b)(c) on the two grounds, *Platsky v CIA et al.*(1991), and *United States v Yakou* 428 F3d 241, 246-247 (DC Circuit 2005).

3 Defendant also objects to the mischaracterization of defendant as a 14th Amendment person as prejudicial and without merit on two grounds ARCARA DECISION page 3. See *Taliaferro v Freeman*, 595 F. Appendix 961, 962-63 (11th Cir. 2014) on the following grounds.

4 First grounds, Mr. Taliaferro admitted to being a US citizen in contrast to this defendant, who does not admit to 14th Amendment citizenship, only Article 4 Sec.2 Cl. 1 *See* 26 U.S.C. § 7701(b)(1)(B) ("An individual is a nonresident alien if such individual is neither a citizen of the United States nor a resident of the United States[.]").

5 As an Article 4 Citizen, defendant has a domicile in New York. New York is foreign to the United States. *In Re: Merriam's Estate* 36 N.E. 505 (1894).

6 In Volume 19, CJS (Corpus Juris Sec.) § 883 one finds the statement that "The United States government is a foreign corporation with respect to a State." The above case is cited as the authority. That the United States is a foreign corporation is exactly what the court

held. By affirming the decision, the United States Supreme Court concurred in *U.S. v. Perkins*, 163 U.S. 625 (1896).

7 Defendant now offers the following citation as evidence of alienage. "A citizen of the United States is a citizen of the federal government ..." *Kitchens v. Steele*, 112 F.Supp 383

8 Therefore, since the federal government is foreign to the New York State government and each government has citizens of its own, *United States* v. *Cruikshank*, 92 U.S. 542; *Slaughterhouse Cases,* 16 Wall. 36 *United States v Anthony* 24 Fed. Cases, Case 14,458 (1873), it stands that a white, Caucasian Article 4 Section 2 Cl. 1 Citizen domiciled in New York, qualifies as a nonresident alien with respect to the District of Columbia federal government and cannot be a federal citizen under the 14th Amendment by color of skin, or race.

9 Further evidence of alienage is cited in the following New York State DMV case, a Citizen of Tennessee, Gerald Utsman, was regarded as a nonresident by New York State and as a Citizen of Tennessee whereby Tennessee is a foreign State to New York. *The People v Utsman* 8 Misc 2d. 501 (1957) Police Court Massena, New York

Mr. Utsman, by virtue of his domicile in Tennessee, was considered a nonresident foreigner/alien to New York.

10 Second grounds for defendant objecting to the court referring to the 'defendant's birth certificate and admission as **_competent evidence_** of his status as a United States citizen who is not a non-resident alien.' referring to *Taliaferro*. Emphasis added

11 The New York State Public Health Law Title 1 Article 41 Section 4103(1)(2)(3) states only the '[C]ertified copy of the record of a birth… [W]hen properly certified by the

3

commissioner or persons authorized to act for him, **_shall be prima facie evidence_** in all courts and places of the facts therein stated.' Emphasis added.

12 A government certificate is only prima facie evidence and not competent evidence. That statement is misleading the court. The only competent evidence is provided by first hand witness(es) testimony of facts surrounding my birth event.

13 The Supreme Court has held an affidavit is competent evidence of citizenship *in Urtetiqui v D'Arcy* 34 U.S. (9 Pet.) 692. 'The record was introduced as containing a copy of the affidavit of D'Arbel in the state court, upon which the case was removed. *Held* that this was legal evidence'.

14 The Department of Health and Mental Hygiene states on the certified copy of the Birth Certificate the department does not certify to the truth of the Birth Certificate 'statements contained thereon, as no inquiry as to the facts have been provided by law.'

15 The statement 'Because a person is a citizen of the United states if born in the United States, the defendant's birth certificate and admission are **_competent evidence_** of his status as a United States citizen who is not a non-resident alien.' must be stricken from the record for prejudice and lack of competent testimony from first-hand knowledge.

16 The only competent testimony comes from defendant's genealogy presented to the government and this court on multiple occasions, defendant's affidavit and mother's testimony of August 20, 2018. The evidence contained therein rebuts all presumptions of the prima facie evidence contained on the Birth Certificate as a 'person born in the United States.'

17 It bears repeating, defendant is a white Caucasian male with direct descendants to the People of the several States that founded this country. This status is not possible to be confused with personage under the 14th Amendment.

18 Defendant's also answers on the grounds that the court should have allowed an unrepresented litigant to replead a motion (*Platsky v CIA et al.*) timely (although under a different form, summary dismissal is roughly analogous to summary judgment in civil procedure) under Rule 47(c) and 12(b)(1)(2)(3), or for good cause, 12(c) (3), and the on point Alfonso and *Yakou* precedents, where the government and the defendant agree on undisputed material facts outside the four corners of the indictment that prevent the government from proving its case as a matter of law.

19 As will been seen shortly, while *Alfonso* is referred to and on point, *Yakou* is also considered for this motion, which also relates to the indictment offense from the inception. The Second Circuit requires dismissals take a certain form. Specifically, *United States v Alfonso* required that the government "make a full proffer of the evidence it intends to present at trial" if the court is to consider the evidence to be undisputed. The source of the "full proffer" language is *United States v Mennuti.*[1] The defendants had filed a motion to dismiss, arguing that the government could not prove the interstate commerce element of the indicted offense. The prosecutor filed an affidavit in opposition to their motion, listing the facts the government would establish at trial in proving the element.'" The government's proffer was ineffective; the facts could not establish the interstate commerce element. The district court dismissed the indictment, and the Second Circuit affirmed. *In Alfonso,* the

---

[1] *See United States v Mennuti,* 487 F Supp 539, 540-41 (EDNY 1980); *Mennuti,* 639 F2d at 108 n 1.

5

district court granted a motion to dismiss on the grounds that, as in *Mennuti,* the government could not prove the jurisdictional element on the alleged facts. In the instant case, the government cannot prove the physical characteristics element needed to prove defendant is a 14th Amendment citizen 'person, it is physically impossible'

20 The ORDER did not dispute the facts supporting the Motion for Summary Judgement. Defendant's motion was in response to the lack of material factual evidence brought forth by the government to support the allegations contained in the indictment.

21 The proper motion is a Summary Dismissal pursuant to Fed.R. of Crim. P. 12(b).

22 Defendant has grounds for a successful objection to JUDGE ARCARA's DECISION based on the Second Circuit United States Court of Appeals holding in *Platsky v. CIA* et al. 953 F.2d 26. (1991). "Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements.

23 Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. See e.g., *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 175-76, 66 L. Ed. 2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972) (per curiam); see also *Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a pro se complaint, it must be " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. at 521, 92 S.Ct. at 594 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)).

In light of these principles, we think that the district court should not have dismissed Platsky's complaints without affording him leave to replead."

24 Defendant's additional grounds for objection is on point for dismissal prior to trial under 12(b) under *Yakou*, in similar situation as defendant, who awaited trial under a statute that applies only to "US persons." The government indicted this defendant in 2015, alleging the same protections under the 14th Amendment, a 'US person.'

25 The government and defendant agree about certain facts outside the indictment's four corners: the defendant is a white Caucasian born in New York State to his biological mother and father as a product of their matrimonial vows, has the status of a legitimate son and heir, and has ancestors who were the Founding Fathers of the United States of America, otherwise known as the People. The stipulated facts are listed in more detail below in III 4-36.

26 In the case on which this example is patterned, the district court held that the defendant abandoned his US person status as a matter of law and dismissed because the government could not prove the "US person" element.' The DC Circuit agreed, and explicitly held that defendants may seek dismissal under Fed.R.Crim.P. 12(b)(2) when the material facts are undisputed and the government does not object. But it warned that these motions are appropriate only in "unusual circumstance[s]" and noted the absence of an explicit "criminal procedural mechanism that resembles a motion for summary judgment."

27 Further, with regards to the government and the ethics of presenting exculpatory evidence even before the cause of a dismissal raised by defendant, The U.S. Supreme Court recognized that prosecutors' disclosure duty "may arise more broadly under a prosecutor's ethical or statutory obligations," than under *Brady*. It cited the ABA Standards for Criminal

Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) and ABA Model Rule of Professional Conduct 3.8(d) (2008). The key to our argument is Model Rule 3.8(d), which has been adopted in all but a few states. It requires prosecutors to make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal. Ambiguities in Rule 3.8(d) were resolved in July 2009, when the ABA issued Formal Opinion 09- 454. It offers a powerful means to assure fairness in criminal proceedings. There are major differences between Rule 3.8(d) and the *Brady* rule.

28 Materiality - the word materiality does not appear in the ethics rule, and the Opinion confirms that it is an intentional omission. Prosecutors' duty is to disclose it all. It is a forward looking rather than a retrospective rule.

29 "Evidence" - prosecutors must disclose "evidence or information." Admissibility does not matter under the rule. Prosecutors must disclose information which may lead defense counsel to evidence.

30 Timing - prosecutors must disclose information of which they know, "as soon as reasonably practicable," absent a protective order from the court.

31 Duty to investigate - Rule 3.8(d), as construed in the Opinion, does not require prosecutors to "undertake an investigation in search of exculpatory information." Their disclosure obligation is limited to what they actually know. That limitation is mitigated in

two ways. Prosecutors may not be deliberately ignorant of exculpatory information, under the Opinion.

32 Second, Rule 3.8(d) does not modify the constitutional rule which does impose a duty to learn of exculpatory evidence in the government's possession. Although the constitutionally mandated search for information may occur later than the defense would prefer, once the information is obtained, Rule 3.8(d) requires prompt disclosure.

33 If prosecutors meet their obligation under Rule 3.8(d), the defense will receive more information than it does under *Brady,* and should receive it earlier than it receives *Brady* evidence.

34 Courts Should Require Compliance with Rule 3.8(d)  Most federal courts' local rules require all lawyers to adhere to the state's rules of ethics and professional conduct. The Citizens Protection Act, Title 28 U.S.C. § 530B squarely requires that government lawyers do so.

35 An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.

36 The Department of Justice has recognized that § 530B governs its lawyers' conduct, "[i]n all criminal investigations and prosecutions . . ." Title 28 C.F.R. § 77.3. Therefore, in a "Model Rules State," a federal court has two bases of legal authority to require compliance.

37 If prosecutors fail to discharge their duty, the court has an ethical obligation to take "appropriate action."

38 The district court should have instructed defendant to amend Motion for Summary Judgement and replead properly without leave of court and have the court grant relief

requested. And further, on the basis of the ABA guidelines, the government learned a long time ago it is unable to prove the physical characteristics of skin color or race elements of 14th Amendment citizenship. *Elk v Wilkins* 112 U.S. 94 (1884) Under the ABA guidelines, the government attorney was and is under an ethical obligation to dismiss this case.

III.   PROFFERED FACTS

1 The government has not objected to the following facts put forth by defendant nor proven these facts untrue.

2 It is not beyond doubt that the plaintiff can prove no set of facts in support of defendant's claim[s] of Citizenship of the several States recognized in Article 4 Sec. 2 Cl. 1 and as one of the People in the Posterity. Defendant, historical records and family are the only competent witnesses to testify.

3 The genealogical evidence has been placed before the government and the court, either in exhibits supporting motion papers or in oral argument. The US Attorney referred to that evidence on more than one occasion, in motion papers 2015, competency hearings January 2018, and trial in August 15-21. The evidence has never been disputed.

4 The stipulated facts are set forth as follows:

5 Defendant is a white Caucasian man sixty-two years old.

6 Defendant was born in New York City, New York, one of the several States of the American Union.

7 Defendant's great grandfather ancestors, Philip, William, and Johnathan Van Horne, were founding fathers of the United States of America that defeated the British in the 1775-1783 War of Independence and the War of 1812.

8 Defendant's ancestors were known as the People who established and ordained this Constitution for Ourselves and our Posterity.

9 Defendant's ancestors were all white Caucasian Citizens.

10 Defendants biological mother and father exchanged marital vows June 21, 1952 in the Roman Catholic Church.

11 Defendant is the legitimate first-born son of his biological mother and father.

12 Article 4 Sec. 2 Cl. 1 of the United States Constitution refers to the Privileges and immunities of natural born Americans.

13 An Article 4 Sec. 2 Cl. 1 Citizens of the several States *is not made liable* for the federal income tax in 26 CFR Sec. 1 1.1.

14 Defendant has full access to the Bill of Rights 1-10.

15 Defendant corrected the record of his citizenship by affidavit.

16 Defendant corrected his citizenship in New York State Supreme Court as one of the People and as an Article 4 Sec. 2 Cl. 1 Citizen of New York, one of the several States June 5, 2017.

17 The term 'natural born' refers to a son or daughter born to two American parents in the fifty States.

18 The term 'natural born' refers to one of the eligibility requirements for the office of the

19 President under Article 2 Sec. 1 Cl. 5 of the United States Constitution.

20 A natural born child receives Citizenship of the several States through his mother and father by the doctrine of *'jus sangunis.'*

21 The 14th Amendment citizenship was established in 1868 by an Act of Congress, ninety-one years after New York was established as its own nation with its own constitution.

22 Congress has the authority to naturalize citizens pursuant to Article 1 Sec. 8 Cl. 4 of the United States Constitution, an Uniform Rule of Naturalization.

23 Congress confers citizenship on foreigners or aliens. Defendant is not a foreigner or alien.

24 All 14th Amendment citizens are foreigners to citizens of the several States when they reside in the fifty States.

25 14th Amendment citizens lack full access to the Bill of Rights 1-8, and have no access to the $9^{nth}$ and 10th Amendments.

26 The 14th Amendment citizen has limited rights as granted by Congress.

27 The 14th Amendment referred to slavery.

28 The 14th Amendment citizen of the United States is made liable for the individual income tax pursuant to 26 CFR Sec. 1 1.1.

29 The US Attorney KRESSE and the US Magistrate Judge SCOTT both stated this criminal proceeding is based on their belief defendant, by virtue alone of being born in New York, is a person under the protection of the 14th Amendment, without providing evidence of race or color, both critical elements of being that 'US Person' named in the indictment.

30 The Supreme Court has held a 14th Amendment citizen is based on the color, race, or previous condition of a citizen of a foreign country under our immigration laws.

31 The government admits the 14th Amendment did not obliterate Citizenship of the States. Congress has moved to protect its citizens right to vote under the 15th Amendment by Acts of Congress known as the Ku Klux Klan Acts.

32 The stipulated facts stated above demonstrate the US Attorney cannot prove the 14th Amendment element and a motion for Summary Dismissal permits pretrial motions raising

12

"any defense, objection, or request that the court can determine without a trial of the general issue."[2]

33 The government and defendant agree about these certain facts outside the indictment's four corners, the government has never objected to these facts listed above.

34 The government case is based entirely on their belief defendant is one of the 'All persons born or naturalized in the United States,' a citizen of the United States protected by the 14th Amendment, and 'subject to the jurisdiction thereof.'

35 Defendant rests his opposition to governments case based on firsthand knowledge evidentiary proof of State Citizenship recognized by Article 4 Sec.2 Cl. 1 of the United States Constitution, and further direct genealogical evidence as the Posterity of the People, the Founding Fathers, who formed the United States of America recognized in the A.D. 1783 Treaty of Paris.

36 In support of this motion for summary judgement, the defendant brought forth facts to prove the government could not prove its case as a matter of law. The 14th Amendment referred to slavery, defendant is Caucasian, is legitimate under his mother and father's marital vows, and is not that 'person' as a matter of law.

IV.   SUMMARY OF STIPULATED FACTS AND CONCLUSION

1 Defendant is a white, Caucasian male born in New York, legitimate son to his biological mother and father who were both natural born Citizens of the several States.

2  A 14th Amendment citizen born in the United states is a person of color, being of Indian, Asian, or African descent.

---

[2] FRCrP 12(b)(2). "[G]eneral issue" refers to the defendant's "guilt or innocence." See Charles Alan Wright and Andrew D. Leipold, 1A *Federal Practice and Procedure* § 191 at 390-93 (West 4th ed 2008).

3 The government cannot prove otherwise and has not objected to the stipulated facts above.[3]

4 The government and defendant are in agreement as to the stipulated facts listed above in III 4-36.

5 Federal Rule of Criminal Procedure (FRCrP) 12(b)(2) permits pretrial motions raising "any defense, objection, or request that the court can determine without a trial of the general issue."

6 If either party points to facts outside the indictment's four corners, the other party does not dispute those *external* facts. The motion challenges the government's case as legally flawed: even if the indictment's factual allegations-and relevant "external" facts-are true, the government cannot convict the defendant on its legal theory.

7 The motion raises a pure question of law that, if resolved in the defendant's favor, would prevent the government from satisfying its burden on at least one element." Consider *United States v Yakou,* the case described above." The defendant pointed to undisputed facts outside the indictment, urged that under these facts he was no longer an LPR as a matter of law, and argued that he could not be convicted because the government could not prove the "US person" element as a matter of law.

8 Most courts agree that under these circumstances, a district judge can hear the motion, resolve the legal question, and dismiss if the government has no case to prove. Such a procedure was available at common law.

---

[3] See, for example, *United States v Alfonso,* 143 F3d 772, 777 (2d Cir 1998).
The distinctions between the proffered and stipulated evidence positions, they should be understood as two sides of the same coin.

14

9 Courts nonetheless quashed indictments based on undisputed facts outside the indictment's four corners when they were the "grounds for the motion."[4]

10 For example, in *Yakou,* whether the defendant was a **"US** person" determined whether he could be convicted at all. Because the facts were undisputed, a jury could only have reached a single conclusion, constrained by the judge's ruling on the legal question. The district court simply decided that question earlier than it otherwise would have.[5]

11 The statements contained herein are true as I know them to be and are made under the penalty of perjury.

V.     PRAYER FOR RELIEF

1 First prayer for relief. The district court should hold that the defendant is not a citizen of the United States under the protection of the 14th Amendment status as a matter of law and dismiss/acquit this case on the grounds the government could not prove the "US person" element.[6] Defendant may seek dismissal under FRCrP 12(b)(2) when the material facts are undisputed and the government does not object.

2 Second prayer for relief. By virtue of the court's finding in *In Re Merriam's Estate* and *The People v. Utsman* the district court should find defendant did not intend to mislead the government as a nonresident alien on the 1040 NR, however the government alleged previously.

---

[4] Foster, 2 *Federal Practice § 515* at 1704-05 (cited in note 37). See, for example, *United States v Tallman,* 28 F Cases 9, 11 (CC SDNY 1872); *United States v Coolidge,* 25 F Cases 622,623 (CC D Mass 1815) (Story) (requiring affidavits to establish external facts supporting motions to quash).

[5] See *United States v Hach,* 162 F3d 937, 946 (7th Cir 1998) (affirming the district court's decision not to give defense instructions that were "incorrect or incomplete restatements of the law"); *United States v Piccolo,* 696 F2d 1162, 1170 (6th Cir 1983) ("A judge has a duty to give instructions that are meaningful and translated, not in terms of mere abstract law, but into facts of the particular case."), vacd on other grounds, 723 F2d 1234 (6th Cir 1983) (en banc).

[6] See *United States v Yakou,* 2004 WL 884545, *1 (DDC).

3 Third prayer for relief.  Strike prejudicial reference of defendant as a US citizen based on the Birth certificate being competent evidence.

_____                                    August 21, 2018
Charles Weber                                                                          Date

c/o 25 Greenbrier Road

Snyder New York 14226          716-839-9678

Revised 05/01 WDNY

# AFFIRMATION OF SERVICE
(If you are **not** having your signature notarized, use this form)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_USA_,

Plaintiff(s),

v.

_Charles Weber_,

Defendant(s).

AFFIRMATION OF SERVICE

_15_-CV-_10_

I, (print your name) _Charles Weber_, served a copy of the attached papers (state the name of your papers) _Objection to ARCARA ORDER AND MOTION FOR SUMMARY DISMISSAL (2(h))_ upon all other parties in this case,

by mailing _____ by hand-delivering _X_ (check the method you used)

these documents to the following persons (list the names and addresses of the people you served) _US Attorney Kaesse 38 Delaware Ave Buffalo, NY 14202_

on (date service was made) _8-27-18_

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on _8-27-18_  _Charles Weber_
(date)  (your signature)