UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                          **DECISION AND ORDER**
      v.                                                      15-CR-10-A

CHARLES WEBER,

                              Defendant.

---

        The *pro se* defendant, Charles Weber, has filed a motion pursuant to Fed. R. Crim. P. 29 for a judgment of acquittal setting aside a jury verdict convicting him of two counts of making and subscribing a false tax return in violation of 28 U.S.C. § 7206(1). From the premise that he has a special "birthright as a descendant of the founding fathers of the United States of America" (Dkt. No. 158, p. 12), defendant Weber argues that he is a citizen of the State of New York, but not of the United States. Based upon this claim of status as a New York State citizen but not a United States citizen, the defendant contends that he is not subject to federal court jurisdiction, and that the United States did not prove during the trial that he is subject to federal income tax law. Because the defendant's contentions are frivolous, and for all of the reasons that follow, the defendant's Rule 29 motion for a judgment of acquittal is denied.

## BACKGROUND

        Defendant Weber was charged in a two-count Indictment returned on January 13, 2015, with making and subscribing two false tax returns in violation of 28 U.S.C. § 7206(1). The two counts in the Indictment are based upon tax returns the

defendant filed on April 15, 2009, covering the 2006 and 2007 tax years. Each count charges similar false statements:

> First, that the defendant was a nonresident alien even though he is a United States citizen;
>
> Second, that the defendant had taxable income of only $745.33 from dividends for the 2006 calendar year, and only $812 from dividends for the 2007 calendar year, respectively;
>
> Third, that the defendant was not present inside the United States during the 2006 and 2007 calendar years; and
>
> Fourth, that the defendant failed to disclose that he had engaged in the business activity of operating a dental practice from which he derived income during each of the 2006 and 2007 calendar years.

Dkt. No. 1. Defendant's trial took place from August 14th through the 21st, 2018. The defendant represented himself, but had standby counsel. The United States called 20 witnesses. The defendant called his mother to testify, and he testified on his own behalf. He was convicted on both counts of making and subscribing a false tax return.

## DISCUSSION

**A. Jurisdiction**. Defendant Weber has objected to the Court's jurisdiction since shortly after the Indictment was returned. See Dkt. No. 22, pp. 2-3, ¶¶ 7, 11, 20; *id*. at pp. 4-5; Dkt. No. 140, pp. 3-18. The objections have all been premised upon the defendant's various contentions that he is not a United States citizen subject to federal tax law. *Id.*

Defendant Weber's jurisdictional challenges are without merit. The Court has

"original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Court's criminal jurisdiction does not depend on the citizenship of a person charged with a crime. *See e.g., United States v. Drachenberg*, 623 F.3d 122 (2d Cir. 2010).

The United States Constitution gives Congress "the power to lay and collect taxes, duties, imposts and excises," U.S. Const. art. I, § 8, cl. 1, including "taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. The Constitution also gives Congress the power "to make all laws which shall be necessary and proper for carrying into execution" its powers, U.S. Const. art. I, § 8, cl. 18, including the power to criminalize willful false statements in tax returns in violation of 28 U.S.C. § 7206(1). Defendant Weber's motion for a judgment of acquittal based upon his contentions that the Court lacks jurisdiction over him or the charges in the Indictment is denied.

**B. Sufficiency of Evidence.** Defendant Weber primarily challenges the legal sufficiency of the trial evidence that assertions in his 2006 and 2007 tax returns that he was a nonresident alien were false. Dkt. Nos. 158, 169, pp. 2-4. In general, Rule 29(c) of the Federal Rules of Criminal Procedure authorizes a court to acquit a defendant despite a jury verdict of guilty if the evidence introduced during the trial was not legally sufficient to support the verdict. But a motion for acquittal pursuant to the Rule may be granted only if, after viewing the evidence in the light most favorable to the United States, no rational juror could find that the essential elements

of the crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998).

In viewing trial evidence in the light most favorable to the United States, the United States must be credited with every reasonable inference that could have been drawn in its favor. *Jackson*, 443 U.S. at 319; *United States v. Facen*, 812 F.3d 280, 286 (2d Cir. 2016). And a Rule 29(c) motion can only be granted if the evidence of the crime alleged is "nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2018) (quotation omitted). As a result, a defendant challenging the sufficiency of the evidence bears a "heavy burden." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013).

The ultimate question raised by a challenge to the legal sufficiency of evidence is not whether a court believes that the evidence at trial establishes a defendant's guilt beyond a reasonable doubt, but is whether any rational trier of fact could reasonably reach that conclusion. *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). The Second Circuit has emphasized repeatedly that "courts must be careful to avoid usurping the role of the jury." *Facen*, 812 F.3d at 286 (quoting *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003)). "Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Id*.

The United States introduced extensive evidence tending to prove that

defendant Weber's assertion of his nonresident alien status on his 2006 and 2007 tax returns was false, and that the defendant knew that the assertions were false when he filed the returns. The defendant admitted during cross-examination that he was born in the United States of two United States citizen parents. Dkt. No. 163, pp. 39-40. The defendant's mother confirmed those circumstances during her cross-examination. Dkt. No. 152, p. 2.

Defendant's birth certificate from Queens County, New York, was sponsored for admission during the testimony of a representative of the Office of Vital Records of the New York City Department of Health and Mental Hygiene. The defendant argues in support of his Rule 29 motion that his birth certificate was inadmissible as hearsay. But that objection is without merit, Fed. R. Evid. 803(d); Fed. R. Crim. P. 27, and requires no discussion.

The United States presented extensive evidence that defendant Weber presented himself to others as a United States citizen before, during, and after the 2006 and 2007 tax years. In January of 2006, defendant Weber filed a prior year's tax return late using the Form 1040 that is used by United States citizens. He listed a residential address located in this District.

In December of 2006, defendant Weber used his birth certificate as proof of United States citizenship to apply for a United States passport. The defendant thereafter used the passport to return to the United States as a citizen after international travel.

Defendant Weber swore to his United States citizenship in February, 2012 in

5

paperwork to renew his registration as a dentist with the State of New York. He also cast votes in elections in 2006, 2007, 2008, and 2012. Despite defendant's claim of New York citizenship, evidence at trial showed he neither filed New York State income tax returns nor paid New York State income taxes for the 2006 and 2007 tax years.

Defendant Weber's tax preparer through 2006 had been a residential neighbor of the defendant's until 2005, and the tax preparer testified to preparing a late return for the defendant in January 2006 that listed a residential address located in this District. A former employee of the defendant's dental practice testified that for the ten years prior to 2009, the defendant resided and had a business address in this District.

In March of 2009, an Internal Revenue Service employee spoke with defendant Weber at the defendant's dental office in this District about the defendant's income taxes and questioned whether the defendant was going to file his 2006 and 2007 returns. The Internal Revenue Service employee told the defendant to file the returns. The defendant did not deny United States citizenship, did not claim special New York citizenship, and said he would file his returns. In light of all the evidence admitted at trial, the defendant's contention that there was legally insufficient evidence to permit a reasonable jury to find that his assertions that he was a nonresident alien on his 2006 and 2007 tax returns were knowingly false when made is without merit.

Defendant Weber also contends that evidence that he received income from

his dental practice during the 2006 and 2007 tax years was insufficient. Dkt. No. 169, pp. 4-9. He was charged with failing "to disclose the material fact that [he] was engaged in the operation of a dental practice from which he derived gross receipts and sales, and received income." Dkt. No. 1, pp. 1-2.

The United States introduced extensive and more than legally-sufficient evidence that defendant Weber operated a dental practice during the 2006 and 2007 tax years. There was evidence the dental practice received gross receipts exceeding $297,000 for 2006, and in excess of $283,000 for 2007. Defendant Weber presented his contention that he is not subject to federal income tax during the trial, but these frivolous contentions do not negate the evidence. Moreover, as the Court instructed the jury, the United States was not required to prove that every alleged material false or fraudulent item on the tax return was materially false or fraudulent in order to convict him of making and subscribing a false return, as long as the jury reached a unanimous agreement. There is no basis for usurping the roll of the jury by setting aside the verdict and entering a judgment of acquittal.

Finally, defendant Weber makes only conclusory references to the evidence before the jury that he acted willfully and in bad faith when he filed his 2006 and 2007 returns. He argues only that he should have been acquitted by the jury because of his good faith belief that the federal income tax laws did not apply to him. Dkt. No. 169, pp. 5-6. But the defendant's argument that he should have been acquitted because he believed in good faith that the tax laws did not apply to him "is unsound, not because [the defendant's legal] arguments are not objectively

reasonable or frivolous, which they surely are, but because the [law regarding willfulness] does not support such a position." *Cheek v. United States*, 498 U.S. 192, 204-05 (1991). The evidence was more than legally sufficient for the jury to find that the defendant was well aware of his duty to file truthful tax returns, and that he chose to disregard the truth because of his self-proclaimed birthright.

## CONCLUSION

For the reasons stated above, defendant Charles Weber's motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 is denied. Because defendant Weber appeared *pro se,* the Court considered his arguments as potential grounds for a new trial under Fed. R. Crim. P. 33, but there are no grounds for a new trial because there was no miscarriage of justice.

Sentence shall be imposed January 29, 2019 at 1:00 p.m. Defendant's request for a further adjournment of sentencing, Dkt. No. 180, is denied.

**SO ORDERED.**

      *S/Richard J. Arcara*
      HONORABLE RICHARD J. ARCARA
      UNITED STATES DISTRICT COURT

Dated: December 12, 2018